The Chicago and Alton Railroad Company

*v.*

Sarah J. Byrum.

*Filed at Springfield October 30, 1894.*

1. Variance—*between declaration and proofs—when to be availed of.* Objections to testimony on the ground of variance, to be available, must be made when such evidence is offered.

2. Instructions—*as to degree of care required of carrier.* Instructions that common carriers are required to do all that human care, vigilance and foresight can reasonably do, under the circumstances, to prevent injury to passengers, are not erroneous.

3. Same—*should submit questions of fact to the jury.* It is not error to modify instructions, which state as a proposition of law that the alighting of a passenger from a moving train constitutes negligence, in such manner as to submit that question to the jury as one of fact.

| 153 | 131 |
|---|---|
| 63a | 160 |
| 66a | 115 |
| 153 | 131 |
| 72a | 365 |
| 153 | 131 |
| 74a | 425 |
| 153 | 131 |
| 78a | 148 |
| 153 | 131 |
| 80a | 91 |
| 80a | 94 |
| 153 | 131 |
| 185 | 93 |
| 88a | 381 |
| 153 | 131 |
| 98a | 2666 |
| 153 | 131 |
| 202 | 3192 |
| 153 | 131 |
| 108a | 2575 |
| 108a | 3589 |
| 153 | 131 |
| 210 | 2 47 |
| 211 | 3258 |

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. George W. Herdman, Judge, presiding.

Messrs. Blinn & Hoblit, for the appellant:

While, generally, negligence is a question of fact, the fact that appellee intentionally jumped from a train that she knew to be moving being undisputed, the question of contributory negligence then becomes one of law. *Morrison* v. *Railway Co.* 56 N. Y. 307; *Railroad Co.* v. *O'Connor,* 119 Ill. 594; *Fernandes* v. *Railroad Co.* 52 Cal. 45; 9 Am. Ry. Rep. 352; *Gavett* v. *Railroad Co.* 16 Gray, 501; *Gramlich* v. *Railroad Co.* 9 Phil. 78; *Grietz* v. *Railroad Co.* 81 Pa. St. 274; *Railroad Co.* v. *Feller,* 84 id. 226; *Railroad Co.* v. *Toffey,* 38 N. J. 525; *Bonnell* v. *Railroad Co.* 39 id. 189; *Railroad Co.* v. *Righter,* 42 id. 180.

Railroads are not required to exercise the highest degree of care to secure the safety of passengers, except so far as relates to the road-bed, construction and equipment of the road, etc. *Railroad Co.* v. *Pillsbury,* 123 Ill. 20;

*Railroad Co.* v. *Fisher,* 31 Ill. App. 36 ; *Meier* v. *Pennsylvania Co.* 64 Pa. 225.

Messrs. Beach & Hodnett, for the appellee :

Whether alighting from a moving train is such con-tributory negligence as will bar a recovery, is, under all the circumstances of the case, a question of fact, for the jury.   *Railroad Co.* v. *Bonifield,* 104 Ill. 223 ; *Railroad Co.* v. *Haskins,* 115 id. 300; *Railroad Co.* v. *Trays,* 33 Ill. App. 307; *Doss* v. *Railroad Co.* 59 Mo. 27; *Wyatt* v. *Railroad Co.* 55 id. 485 ; *Railroad Co.* v. *Crunk,* 119 Ind. 542; *Bucher* v. *Railway Co.* 98 N. Y. 128; *Railway Co.* v. *Kilgore,* 32 Pa. St. 292; *Waller* v. *Railway Co.* 83 Mo. 608; *Nance* v. *Railway Co.* 94 N. C. 619; *Railway Co.* v. *McCurdy,* 45 Ga. 288; *Filer* v. *Railway Co.* 49 N. Y. 47; *Railway Co.* v. *Smith,* 59 Texas, 406; 2 Abbott on Corp. 598; *Lloyd* v. *Railway Co.* 53 Mo. 509; *Taber* v. *Railway Co.* 71 N. Y. 489 ; 2 Wood on Railway Law, 1129, 1130; Thompson on Carriers, 226, 227; Beach on Contrib. Neg. p. 157, sec. 153 ; 2 Thompson on Trials, sec. 1684; *Railway Co.* v. *Connor,* 15 Lea, 258; *Railway Co.* v. *Stacker,* 86 Tenn. 343 ; *Railway Co.* v. *Colbourne,* 69 Md. 360.

Mr. Justice Baker delivered the opinion of the court:

Appellee brought case against appellant, in the circuit court of Logan county, and recovered judgment upon a verdict for $3000.    This is an appeal from the judgment of the Appellate Court for the Third District affirming that judgment.

Appellant was declared against as a common carrier of passengers for reward.    The declaration alleged damages to appellee, who was a passenger on one of appellant's trains between the villages of Broadwell and Elkhart, in consequence of injury to her person, caused by the negligence of appellant, in that, upon the arrival of appellant's said train at Elkhart, and while appellee, in the exercise of due care and caution, was about to

alight therefrom, appellant carelessly and negligently caused said train to suddenly and violently start and move, and thereby appellee was thrown with great violence from said train to the platform; that said train was not stopped at Elkhart a sufficient length of time to allow appellee to safely alight therefrom, and while she, in the exercise of due care and caution, was about to alight from the train, appellant carelessly and negligently allowed said train to be started and moved, causing appellee to be thrown with great force and violence upon the platform; and that appellee was attempting to alight from said train as fast as she could do so after the train stopped at Elkhart, and while she was on the steps of the car attempting to alight upon the platform of the depot, the appellant, through its agents and servants, negligently caused the train to be moved, and the speed of the train was suddenly and greatly accelerated, by means whereof appellee was thrown, without any fault or negligence on her part, violently from the steps of the car upon the platform, her right arm broken, etc.

The facts in the case as found by the Appellate Court, and which we are forbidden to review, are, briefly, as follows: That on the morning of October 28, 1890, appellee was a passenger on appellant's train, returning from Broadwell to her home in Elkhart, where the train arrived shortly after daylight. She occupied a seat in the rear or north end of the chair car, which was crowded. When the brakeman announced the station and as the train slowed up, she started with her valise in hand to go down the car and out by the forward door, but was somewhat impeded by others coming in. The train stopped but a short time. Appellee got out upon the platform of the car as soon as she could, and then perceived that the train had started, but was moving so slowly that she thought she could step off without danger. When she made the attempt to alight the train had moved only about two-thirds the length of the car, or forty feet. In

stepping off she was thrown down upon the platform by the motion of the car, her right arm was broken, and she was otherwise bruised, cut and injured.

Appellant's first objection, that there is a variance between the proof and the declaration, is not well taken. The objection was not interposed to the admission of the evidence on the trial. Moreover, it was not among the reasons assigned, in writing, in support of the motion for a new trial. The objection, in order to have availed appellant, should have been specifically made at the time the testimony was offered in evidence. Had it been so made, the objection could have been obviated by amendment of the declaration. *St. Clair County Benevolent Society* v. *Fietsam,* 97 Ill. 474; *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath,* 91 id. 104.

Appellant contends that there was error in giving instructions numbered 4 and 6, in behalf of appellee, which were as follows :

4. "The court instructs the jury, that common carriers of persons are required to do all that human care, vigilance and foresight can reasonably do, consistently with the character and mode of conveyance adopted and the practicable prosecution of the business, to prevent accidents to passengers riding upon their trains or alighting therefrom."

6. "It is the duty of common carriers to do all that human care, vigilance and foresight can reasonably do, under the circumstances and in view of the character of the mode of conveyance adopted, reasonably to guard against accidents and consequential injuries, and if they neglect so to do they are to be held strictly responsible for all consequences which flow from such neglect ; that while the carrier is not an insurer for the absolute safety of the passenger, it does, however, in legal contemplation, undertake to exercise the highest degree of care to secure the safety of the passenger, and is responsible for the slightest neglect resulting in injury to the passenger,

if the passenger is, at the time of the injury, exercising ordinary care for his or her safety; and this care applies alike to the safe and proper construction and equipment of the road, the employment of skillful and prudent operatives, and the faithful performance by them of their respective duties."

These instructions stated the law correctly, and were properly given. *Chicago, Burlington and Quincy Railroad Co.* v. *Mehlsack,* 131 Ill. 61; *Chicago and Alton Railroad Co.* v. *Pillsbury,* 123 id. 9 ; *Keokuk Northern Line Packet Co.* v. *True,* 88 id. 608; *Galena and Chicago Union Railroad Co.* v. *Fay,* 16 id. 558; *Chicago, Burlington and Quincy Railroad Co.* v. *George,* 19 id. 510.

Appellant further contends that the trial court erred in modifying instructions numbered 2, 5 and 7, offered in its behalf. Said instructions, as asked, together with the modifications which were made by the court by adding the clause in each of them contained in brackets, were as follows:

2. "You are further instructed that it was the duty of the plaintiff to promptly leave the car upon the arrival of the train, and as soon as the train came to a stand at Elkhart, [if it did come to a stand.]"

5. "The court further instructs the jury, that if they believe, from the evidence, that plaintiff got upon the cars of the defendant at Broadwell, to be carried to Elkhart, upon the line of defendant's road, and that when the train arrived at or near Elkhart the brakeman announced the station, which was heard by the plaintiff, [and that the train stopped a reasonable length of time to allow passengers in the exercise of reasonable care and diligence to get off the train,] and if the jury further believe, from the evidence, that the plaintiff becoming bewildered, or from any other cause, she did not get off the car while it was standing at the station at Elkhart, but remained on the car until the train was again in motion, then it was the duty of the plaintiff to have remained on the car, and

not attempt to either step off or jump off while the train was in motion, although the jury may further believe, from the evidence, that while the train was in motion plaintiff attempted to get off, and believed at the time that she could get off the car safely; and if you further believe, from the evidence, that in this she was mistaken, and that in getting off the cars while so in motion the plaintiff was injured, the company could not be held responsible for such injury."

7. "If the jury believe, from the evidence, that while the plaintiff was riding upon the cars of the defendant from Broadwell to Elkhart, and that when the train arrived at Elkhart [it stopped a reasonable length of time to allow passengers exercising care and diligence to get off the train,] and while the train was standing on the track plaintiff failed or was prevented from leaving the car, from any cause, until the train had started for the next station, and while the train was in motion, then it was the duty of the plaintiff to have remained on the cars, and not to attempt to get off while the train was in motion ; and if the jury believe, from the evidence, that while the train was in motion plaintiff attempted to get off, and was mistaken as to the speed of the train, which she thought would allow her to get off the cars in safety; and if the jury further believe, from the evidence, that while so attempting to get off the cars plaintiff was thrown upon the platform of the station, and injured, then the company cannot be held responsible for an injury so received."

It is urged that the fact being undisputed that appellee knowingly and intentionally alighted from a moving train, was such contributory negligence as would preclude a recovery, and that the court should, as it was asked to do by appellant, have told the jury, as matter of law, that such an act was contributory negligence ; and that it was error to so modify the instructions offered as to make the question of contributory negligence depend

upon the fact whether or not the train had stopped a reasonable length of time to allow passengers exercising reasonable care and diligence to get off the train. This position is untenable. Whether or not appellee was guilty of such contributory negligence in alighting from a moving train as would bar a recovery, was a question of fact, to be determined by the jury under all the attendant and surrounding circumstances. *Chicago and Alton Railroad Co.* v. *Bonifield,* 104 Ill. 223 ; *Illinois Central Railroad Co.* v. *Haskins,* 115 id. 300 ; *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 id. 586 ; *Lake Shore and Michigan Southern Railroad Co.* v. *Brown,* 123 id. 162. The instructions, as asked, were therefore improper. The modifications made by the court did not, to be sure, cure the defects in them, for the court assumed to tell the jury, as matter of law, what constituted negligence, instead of leaving the question of negligence to the jury for their determination. The instructions in either form, both as asked and as modified and given, were improper. Still, the modifying clause in each of them stated a correct principle of law, and appellant's cause could not have been injured thereby, for it was the duty of appellant to stop its train a reasonable length of time at Elkhart to allow appellee, in the exercise of ordinary care and diligence, to alight therefrom with safety, and if appellant failed in this duty, and by reason thereof appellee was injured while in the exercise of ordinary care and caution, appellant would be liable. (*Toledo, Wabash and Western Railway Co.* v. *Baddeley,* 54 Ill. 19 ; *Illinois Central Railroad Co.* v. *Able,* 59 id. 131; *McNulta* v. *Ensch,* 134 id. 46.) So, even as modified and given to the jury, the instructions stated the law more favorably for appellant than it was entitled to have it given, and therefore it has no cause for complaint.

We find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*