## Robert B. F. Pierce, Receiver of the Toledo, St. L. & K. C. R. R. Co., v. Annie M. Gray.

1. RAILROAD—*Length of Time Allowed Passengers to Alight.*—The length of time which should be allowed for passengers to alight from a railroad train depends on the number of passengers who are to leave the train, their agility, incumbrances, and all the circumstances bearing upon the occurrence, and the question, " Were the servants of the company guilty of negligence in not allowing such passengers sufficient time to leave the train?" is for the determination of the jury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

W. P. TYLER and CHARLES G. GUENTHER, attorneys for appellant; CLARENCE BROWN, of counsel.

W. E. WHEELER, JR., and HADLEY & BURTON, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

On March 1, 1895, appellee rode from East St. Louis to Glen Carbon on one of the passenger trains of the Toledo, St. Louis and Kansas City Railroad Company, and reached her destination after nightfall. There were four cars in the train, of which the chair-car was the third from the engine. Appellee entered the chair-car at the rear, and delivered her satchel and parcels to the porter, who deposited them near the table. Appellee, her little boy, and Miss Edna Mason occupied seats in the rear of the coach.

Glen Carbon, though a town of about eight hundred inhabitants, was nevertheless a flag station, with a platform composed of cinders, and a depot seven by thirty feet in dimensions, made of a box-car set flat upon the ground. The platform was lighted by a street lamp seventy-five feet from the depot, and by such lanterns as the trainmen and citizens saw fit to display.

The train was flagged and stopped, both to receive and discharge passengers. Six passengers left the train, and five went aboard. The conductor had taken appellee's ticket, and knew that she was to get off at Glen Carbon. Appellee and her little boy and Miss Mason started to leave the train at the rear entrance. The passage-way was at the side of the car, but there was no difficulty in making the exit. The conductor and brakeman were at the other end of the car. But it was not negligence *per se* for appellee to leave the coach at the rear entrance.

The evidence is conflicting as to what occurred as the three were attempting to descend the steps to the cinder platform. Appellant contends that the train was in motion —that it had moved probably twenty or twenty-five feet— when appellee jumped from the train. Therefore, it is said that appellee's negligence in jumping from the moving train precludes a recovery, as would also the variance between the proof and the declaration, which alleged that the train was suddenly and violently started and appellee thereby thrown to the ground.

The evidence, however, does not show that appellee jumped from the train, but on the contrary sustains the allegations of the declaration. The jury were justified in finding that as appellee, a large, fleshy woman, was descending the steps, the train was started and appellee was thrown upon the cinder platform and injured.

Was appellee exercising due care at the time of the injury? This was a question for the jury.

Were the servants of the railroad company guilty of negligence in not allowing sufficient time for passengers to leave the train? This was a question for the jury.

The length of time which should be allowed depends on the number of passengers who are to leave the train, their agility, their incumbrances, and all the circumstances bearing on the particular occurrence as shown by the evidence. A fleshy woman has a right to ride on a train and to have a valise and parcels, and she is entitled to more time for alighting than might be required for a foot-racer or a grey-

hound.   In this case the jury were justified in finding that the company was guilty of negligence in not allowing a reasonable time for appellee to leave the train.

There was no error in the charge to the jury.   The first instruction, given at the request of appellee, is practically the same as instruction numbered four, commented upon and approved in C. & A. R. R. Co. v. Byrum, 153 Ill. 131.   The use of the word *reasonably* in the instruction negatives the assumption of an absolute liability.   There was no attempt to state in this instruction anything more than the duty of the railroad company, and the instruction is not open to the criticism that it contains no requirement of due care on the part of appellee, and especially so when it is remembered that the jury were informed by other instructions that appellee could not recover unless she was herself exercising due care at the time of the injury.   Even if the third instruction given for appellee was inapplicable to the case under the evidence, it is not permissible for appellant to take advantage of the error after having asked and procured the submission of instructions upon the same questions.

Such propositions of law in appellant's refused instructions as have a legitimate bearing on the case were given to the jury in other instructions.   The damages are not excessive.

The judgment is affirmed.