The Chicago and Alton Railroad Company

*v.*

Randolph P. Anderson, Admr.

*Filed at Springfield May 11, 1897.*

1. Instructions—*giving of inaccurate instruction not likely to mislead jury will not reverse.* The giving of an inaccurately worded instruction will not work reversal where the difference between the words used and the proper words is so slight that the jury would not likely be misled.

2. Same—*when instruction does not direct attention to the credibility of particular witnesses.* An instruction that the jury, in passing upon the testimony of all the witnesses, have the right to take into consideration any interest which witnesses might feel, etc., is not liable to the objection that it singles out a particular set of witnesses and directs attention to their credibility.

3. Same—*when error in refusing to instruct jury to disregard counts is harmless.* Error in refusing to instruct the jury to disregard certain counts in a declaration is harmless, where there is one good count in the declaration to which the evidence is applicable and which is sufficient to sustain the judgment.

4. Trial—*instruction to find for defendant is not proper where evidence tends to sustain plaintiff's case.* An instruction to find for the defendant is properly refused where there is evidence tending to sustain the plaintiff's case.

5. Negligence—*question of negligence is for the jury.* Whether a party has been guilty of negligence is a question of fact for the jury, and it is no part of the duty of the court to instruct the jury that this or that fact may constitute negligence.

6. Special findings—*special interrogatories must not call for evidentiary or immaterial facts.* Special interrogatories which call for mere evidentiary facts, and those which, even if favorable answers were returned thereto, would not benefit the party propounding them, may be refused.

*Chicago and Alton R. R. Co.* v. *Anderson,* 67 Ill. App. 386, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. Jacob Fouke, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Macou-

pin county, wherein Randolph T. Anderson, administrator of the estate of Randolph Anderson, deceased, recovered a judgment of $4600 against the Chicago and Alton Railroad Company in a certain action in which it was alleged that the death of plaintiff's intestate was caused by the negligence of the servants of the railroad company in running a certain train of cars on a certain switch track in Carlinville, whereby the plaintiff's intestate, who was in the exercise of due and reasonable care, was struck by the moving train of cars and killed.

RINAKER & RINAKER, for appellant.

PEEBLES & PEEBLES, for appellee.

Per CURIAM: It is claimed in the argument that the court erred in giving plaintiff's instruction No. 2, which was as follows:

"The court instructs the jury, that if they believe, from the evidence in this case, that the servants of the defendant discovered the slack car, by which the deceased was killed, in motion, and discovered that a collision was probable, in time to have stopped their train and prevented such collision by the exercise of proper precautions and reasonable care and diligence, and if the jury believe, from the evidence, that the defendant's servants did not use such precautions and exercise such care and diligence, and that the want of such precautions, care and diligence caused the death of Randolph Anderson while he was in the exercise of due care and caution for his own safety, then they should find the defendant guilty, and assess the plaintiff's damages in such sum, if any, as they believe the evidence warrants."

It is said the instruction is erroneous in requiring the defendant to use "proper precautions and reasonable care and diligence." It may be conceded that defendant's servants were only required to exercise ordinary care, and the use of the words in the instruction, "proper precau-

tions and reasonable care," was technically inaccurate, as held in *Stratton* v. *Central City Horse Railway Co.* 95 Ill. 26. But the difference between the words used and those which ought to have been used is so slight that we are satisfied the jury were not misled by the instruction, and, although inaccurate, the giving of the instruction forms no sufficient ground for reversing the judgment.

It is objected to the plaintiff's fourth instruction that there is nothing in the record upon which it can properly be predicated. We do not regard the instruction erroneous. The first part lays down an abstract proposition of law and might have been omitted, but it could not have misled the jury; and as to the last part of the instruction, we think the record contains facts upon which it was predicated.

Instruction No. 5 is objected to on the alleged ground that it singles out the defendant's witnesses and calls special attention to their credibility. It will be found, upon an inspection of the instruction, that the objection is not well founded. The instruction reads as follows: "The court instructs the jury, that in passing upon the testimony of all the witnesses who have testified in the case, you have the right to take into consideration any interest which said witnesses may feel," etc. From the language used it is apparent that no one witness or no set of witnesses was singled out or alluded to in the instruction.

Objection is made to instruction No. 6, but it merely informs the jury that it was the duty of those in charge of the train to use reasonable and ordinary care to prevent collisions or injury to persons, and it was not error to give it.

The court, at the request of the defendant, gave fourteen instructions, in which the law involved in the case was fully given to the jury. Eight other instructions were refused, and the ruling of the court on the refused instructions is relied upon as error.

The first, second, third and fourth instructions in substance directed the jury to disregard the first, second, third and fourth counts of the declaration. Section 51 of the Practice act provides, that if one or more of the counts of a declaration are faulty, the defendant may apply to the court to instruct the jury to disregard such faulty counts. We are not prepared to hold that the counts are so insufficient as not to support the judgment, and if they are not sufficient, the defects could not be reached by the instruction. But if the counts were so defective that they would not support the judgment, the error in refusing the instructions, if error it was, was harmless, as the declaration contained five counts, and it is not claimed that the fifth count is insufficient. If there is one good count to which the evidence was applicable and which is sufficient to sustain the judgment, the error of the court, if any, in refusing to instruct the jury to disregard the other counts, becomes harmless.

Refused instruction No. 5 directed the jury to find a verdict for the defendant. If there had been no evidence tending to prove plaintiff's cause of action the instruction might have been given; but where there is evidence tending to establish a cause of action, as there was here, then it is the duty of the court to refuse an instruction of that character.

Refused instruction No. 6 was properly refused, if for no other reason than that it invaded the province of the jury. Whether a party has been guilty of negligence is a question of fact for the jury, and it is no part of the duty of a court to direct a jury, in an instruction, that this or that fact may constitute negligence. Refused instruction No. 8 is liable to the same objection.

It is also claimed that the court erred in refusing defendant's instruction No. 7. By this instruction the court was requested, in substance, to inform the jury that no duty to the deceased was imposed upon the railroad company to sound the whistle or ring the bell of the locomo-

tive, but that such duty was only for the benefit of persons traveling upon the highway or street, and to warn them that a train was approaching the crossing. It is claimed that the instruction is sustained by *Williams* v. *Chicago and Alton Railroad Co.* 135 Ill. 491. In the case cited it was merely held that statutory negligence is not chargeable to a railroad company from a failure to ring a bell or sound a whistle when a train is approaching a highway crossing, except as to persons who may be traveling on the highway. But that decision has no bearing on the facts of this case. Here no question was presented in regard to the statute or the signals required by the statute. The question here was, whether proper care on behalf of the railroad company required its servants to give notice or warning that the train was about to be moved upon a coal track, so that persons properly on that track might protect themselves. In a proper case the instruction might have been given, but under the facts presented by this record it was liable to mislead the jury, and the court did right in refusing it.

The defendant requested the court to submit to the jury nine special findings. The court submitted three and refused the others. Upon examination it will be found that all the questions asked to be submitted to the jury, except the sixth, related to evidentiary facts, and upon that ground, no doubt, the court refused them, and properly so. No. 6 was as follows: "Did the railroad employees use due care to stop the moving cars after they discovered a collision was probable?" If the servants of the railroad company were guilty of negligence in running the cars on the coal track, as charged in the declaration, it seems plain the use of due care to stop the moving cars after they discovered a collision was probable would have constituted no defense. Had the interrogatory been submitted and a favorable answer returned it would have resulted in no benefit to defendant, and hence the court did not err in refusing it.

In the opening argument to the jury one of the attorneys of the plaintiff, on discussion of the negligence of the defendant, in his argument alluded to the fact that the cars of defendant were run upon the coal side-track at a time when the men were coming out of the mine, thereby rendering it hazardous and dangerous to those in the service of the coal company.    This branch of the argument was objected to, on the alleged ground that there is no count in the declaration upon which to base such an argument.    As a general rule, the argument of counsel should be confined to the issues in the case; but the main question here was whether the defendant had been guilty of negligence in running its cars on the switch track where the deceased was employed by the coal company, and the fact that an allusion was made in the argument to the running of cars on the switch track at a time when the employees of the coal company were coming out of the mine, was no such departure from the issues involved as should work a reversal of the judgment.

All questions of fact have been settled by the judgment of the Appellate Court, and so far as appears by the record appellant has had a fair trial, and no substantial error has been committed on questions of law.    The judgment of the Appellate Court will therefore be affirmed.                *Judgment affirmed.*