## John Mathews Apparatus Co. v. Minor B. Neal et al.

1. SPECIAL FINDINGS—*Must Relate to Ultimate Facts.*—Special findings must relate to ultimate facts, which are controlling in their character, and although a finding may be very important as tending to prove an ultimate fact, yet if it is not in and of itself a controlling one in the case, it is not sufficient to support a judgment as a against a general verdict.

2. SAME—*As to Merely Evidentiary Facts Should be Ignored.*—Interrogatories calling for special findings upon merely evidentiary facts should be refused, and if given and answered, the answer should be ignored on a motion for judgment.

3. SAME—*When They Will Control the General Verdict.*—All reasonable presumptions will be entertained in favor of a general verdict as against a special finding, and before a special finding can be allowed to control the general verdict there must be such antagonism between them that it could not be removed by any evidence admissible under the issues tried by the jury. The trial court should look not to the evidence heard, but to what could have been heard under the issues.

**Replevin,** for goods seized under an execution. Appeal from the County Court of DeWitt County; the Hon. GEORGE K. INGHAM, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 13, 1897.

### STATEMENT OF THE CASE.

This was an action of replevin, by appellant, to recover possession of a soda fountain apparatus, valued at $604.33, which had been placed in the restaurant of Fred H. Magill & Co., at Clinton, Ill.

The declaration was in *cepit* and *detinet.* A default was entered against two of the defendants, Fred H. Magill and George W. Myers. The other defendants pleaded *non-cepit, non-detinet,* property in Magill & Co., and three special pleas justifying the taking of the property under various writs of execution, attachment and distress warrant, which came to their hands as sheriff and constable, and which had issued against Magill & Co.

The plaintiff (appellant here) replied that the property was the property of Magill & Co. and not subject to the writs.

A trial by jury was had, resulting in a general verdict for the plaintiff. At the instance of the defendants, the court propounded the following special interrogatory to the jury : " After the plaintiff sold and delivered the apparatus to Magill & Co., did the plaintiff, by any authorized agent, regain possession of the same before the alleged levy of the writs in this case ? " To that question the jury answered " No."

Upon motion of counsel for the defendant, the court entered judgment upon the special finding, notwithstanding the general verdict, and ordered the plaintiff to return the property replevied or pay off the execution.

O. E. HARRIS and E. J. SWEENEY, attorneys for appellant.

" If on a verdict for the plaintiff, judgment is entered for the defendant, or *vice versa,* it is error on the face of the record, unless on the record something appears to justify such judgment. The justification may be on the pleadings, as when the judgment is arrested or entered ' *non obstante veredicto.*' Unless the finding is irreconcilable with the general verdict, looking only at the pleadings, verdict and findings, the general verdict will prevail." Gall v. Beckstein, 66 Ill. App. 478; Smith v. McCarthy, 33 Ill. App. 176; Stein v. Chicago & Grand Trunk Railway Co., 41 Ill. App. 38; Black on Judgments, Vol. 1, Sec. 186; Hallberg v. Brosseau, 64 Ill. App. 520.

A fact which merely tends to prove a fact in issue without actually proving it, is not inconsistent with the general

verdict, whatever that may be. The court can not look to the evidence; the inconsistency must be so irreconcilable as to be incapable of being removed by any evidence admissible under the issues. Chicago & N. W. Railway Co. v. Dunleavy, 129 Ill. 132.

The special answers control the general verdict only when the antagonism is so great that it could not be removed by any evidence admissible under the issues. If the general verdict and special answers can both stand upon any reasonable hypothesis, having regard not to the proof actually made, but to that possible under the issues, the general verdict must be upheld. Simons' Adm'r v. Beaver, 15 Ind. App. 510, 43 N. E. 478, and cases there cited.

E. B. MITCHELL, FRANK K. LEMON and MOORE, WARNER & LEMON, for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the County Court, rendered in favor of the defendants in a replevin suit upon a special finding of the jury, when the jury had returned a general verdict against them.

The question of when a court will be authorized to enter a judgment against the general verdict of the jury, because of its being inconsistent with some special finding of fact returned at the same time, has been frequently before our Supreme and Appellate Courts since the act of 1887, relative to special verdicts, was passed.

Not only should interrogatories calling for findings upon merely evidentiary facts be refused, but if given and answered, the answer should be ignored, on a motion for judgment. The special finding must relate to ultimate facts, such as are controlling in their character. The finding may be very important as tending to prove an ultimate fact, and yet, if it is not in and of itself a controlling one in the case, it is not sufficient to support a judgment as against a general verdict. Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132; Ebsery v. Chicago City Ry. Co., 164 Ill. 518; Chicago & A. R. R. Co. v. Anderson, 166 Ill. 572.

The general rule that all reasonable presumptions will be entertained in favor of a general verdict, does not apply in aid of special findings.   To control the general verdict there must be such antagonism between the special finding and the general verdict that it could not be removed by any evidence admissible under the issues tried by the jury. Hence, in determining that question, the trial court should look not to the evidence heard, but to what could have been heard under the issues.

Under the issues formed by the pleadings in this case, the special interrogatory propounded to the jury did not call for an answer that was controlling.   It should have been refused.   It nowhere appears from the pleadings that the plaintiff's right to the possession of the property depended upon whether it regained possession of it after it was delivered to Magill & Co., and before it was levied upon by the writs.

The court erred in rendering judgment on the special finding.   The judgment will be reversed and the cause remanded, with directions to enter judgment on the general verdict, or set it aside and award a new trial if a motion to that effect is made, and the court is of the opinion that a new trial should be granted.   Reversed and remanded.