Chicago & Alton R. R. Co. v. Michael Kelly, Adm'r.

1. NEGLIGENCE—*A Question of Fact for the Jury.*—Whether or not a party is guilty of such contributory negligence as will bar a recovery, is a question of fact to be determined by the jury under all the attendant and surrounding circumstances.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

C. W. BROWN, attorney for appellant.

DONAHOE & McNAUGHTON, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an action by the administrator of the estate of Joseph G. Kelly, deceased, brought for the benefit of his next of kin, to recover damages for his death, which is alleged to have been caused by the neglect of appellant.

The declaration consisted of six counts, upon the first three of which the court directed the jury to return a verdict of not guilty. The fourth count charged that Kelly was a passenger upon a train of appellant; that it was the duty of appellant to exercise ordinary care in receiving and discharging passengers; that it did not regard said duty but, on the contrary, so carelessly and negligently managed and operated said train that Kelly, while in the exercise of ordinary care for his own safety, in alighting from said train at Braidwood, was through such carelessness and negligence, thrown from the train and killed. The fifth count charged that it was the duty of appellant to stop said train a sufficient length of time to enable Kelly to alight therefrom in safety; that regardless of such duty, appellant neglected to do so. The sixth count alleged the failure on the part of appellant to stop said train a sufficient length of time to let Kelly off the same with safety, contrary to the

statute in such case made and provided. The only plea filed was that of the general issue.

Appellant urges, among other reasons for reversing the judgment, that the preponderance of the evidence was against appellee's claim that appellant was guilty of negligence, and that appellee failed to establish the fact that his intestate was in the exercise of ordinary care for his own safety, at the time he received the injuries which caused his death. There was a verdict and a judgment in the case in favor of plaintiff for $4,000. The right of recovery is based upon the duty of the railroad company, as a carrier of passengers, to give a passenger, arriving at his destination, a sufficient length of time to leave the train in safety. The proof showed that on November 15, 1900, Joseph G. Kelly got on appellant's train at Joliet to go to Braidwood. The train in question left Joliet about 10:15 P. M. and arrived at Braidwood a few minutes before eleven o'clock. The station was regularly called as Braidwood was approached and the train was stopped at that station, but as to how long it stopped the evidence is conflicting. The testimony of appellee's witnesses was to the effect that the stop was a very short one, not more than from one-fourth to one-half a minute, while those of appellant tend to show that the engine took water at the station on that occasion, and that the stop was from two to three minutes. There is also a conflict in evidence as to how many passengers got off at Braidwood during the stop, all agreeing, however, that at least one, the witness Joseph Ganzel, alighted at that time. The train had again started when it was discovered that there were other passengers for Braidwood was who had not gotten off, and the conductor gave the signal to stop. One of these passengers was Kelly, who was in the smoking car, and the other Dr. Major, who was in the chair car next behind the smoking car. Dr. Major testified on the trial that he did not hear the station announced; that the motion of the car awakened him; that he immediately started to get off the car and alighted while the train was in motion. It appeared from the proof that he was

almost immediately followed by Kelly, who, in attempting to alight, fell under the train, which was still in motion, and was killed. There was some evidence tending to show that the depot platform was either wet or covered with frost, which caused it to be slippery. The train ran about a car length after Kelly fell and his body was found beneath the wheels of the rear truck of the chair car immediately following the smoker.

The question as to whether the train stopped at the station a sufficient length of time to permit its passengers for that place to get off in safety, and the further question whether appellee's intestate used ordinary care for his own safety in alighting from the train, were both questions of fact for the jury. The mere fact that Kelly alighted from the train while it was in motion was not of itself proof of negligence on his part, but whether he was guilty of negligence in so doing, depended upon the circumstances surrounding him at that time. In C. & A. R. R. Co. v. Byrum, 153 Ill. 131, our Supreme Court, in a case presenting facts very similar to the one before us, said :

" It is urged that the fact, being undisputed, that appellee knowingly and intentionally alighted from a moving train, was such contributory negligence as would preclude a recovery, and that the court should, as· it was asked to do by appellant, have told the jury, as matter of law, that such an act was contributory negligence; and that it was error to so modify the instructions offered as to make the question of contributory negligence depend upon the fact whether or not the train had stopped a reasonable length of time to allow passengers, exercising reasonable care and diligence, to get off the train. This position is untenable. Whether or not appellee was guilty of such contributory negligence in alighting from a moving train as would bar a recovery, was a question of fact to be determined by the jury under all the attendant and surrounding circumstances."

While the evidence was conflicting upon the questions above named, yet a considerable portion of it strongly tended to sustain the verdict of the jury, and as the jury had so much better opportunity of determining the credibility

of the witnesses who testified on behalf of the respective parties than we have, we do not feel authorized in disturbing their verdict on the ground that it is not in accordance with the evidence.

Appellant claims that the trial court erred in not admitting a written memorandum of statements made prior to the trial, to its claim agent, P. M. Hamilton, by the witness Thomas Stevenson, who rode in the car with Kelly from Joliet to Braidwood. It appeared that the claim agent had called upon Stevenson and made a memorandum of what he claims the witness stated to him. After the memorandum was written Hamilton asked Stevenson to sign it, but the latter refused to do so. Upon the stand at the trial, the witness admitted making many of the statements contained in the memorandum, but denied others. While the court refused to admit the memorandum in evidence, it permitted Hamilton to use the same to refresh his recollection, and he testified therefrom that the witness did make all of the statements therein contained. We are of opinion that appellant obtained all the benefit of the memorandum to which it was entitled, and the court did not err in refusing to admit it in evidence.

Appellant also complains that the court erred in instructing the jury as to the form of verdict. The instruction which was given by the court of its own motion, was as follows:

"If you find for plaintiff under the fourth, fifth and sixth counts of the declaration, you may sign and return the following verdict, after inserting the sum you award plaintiff, to wit: We, the jury, find defendant not guilty under the first, second and third counts of plaintiff's declaration, and we find defendant guilty as charged in the fourth, fifth, and sixth counts of the declaration, and we assess plaintiff's damages at the sum of —— dollars."

We can not see how appellant could have been prejudiced by this instruction. The court had instructed the jury to find the defendant not guilty under the first, second and third counts of the declaration, which left only the fourth, fifth and sixth counts. Besides, the jury were only in-

structed to return the verdict in the form named, in case they found for the plaintiff under the fourth, fifth and sixth counts of the declaration; and as these counts were not inconsistent with one another, it must be assumed they found defendant guilty under all three of them. It might be said that the instruction required the jury to find the defendant guilty on all three of the counts or none; but if such were the case, appellant certainly could not object, as a stronger case would thereby have to be made in favor of appellee than would have otherwise been necessary. The judgment of the court below will be affirmed.

Mr. Justice DIBELL, having heard this cause in the court below, took no part in its consideration here.