## Peter Feldman v. Anna Sellig.

1. DOMESTIC ANIMALS—*Owner's Knowledge of Vicious Nature of Dog Causing Injury Must be Shown in Order to Recover.*—In an action for damages from an injury caused by the bite of a dog, the plaintiff, in order to recover, must prove that the owner of the dog had notice of its tendency to bite mankind.

2. SAME—*No Recovery Where Injury is the Result of Wantonly Irritating a Dog.*—Where a person, as a result of wantonly irritating and aggravating a dog while it is eating, is bitten by the dog in repelling the aggression, and not from a mischievous propensity, he can not recover.

3. PRACTICE—*Insufficient Count to Sustain a Recovery for the Bite of a Dog.*—There can be no recovery for injuries sustained from the bite of a dog upon a count alleging that the dog was accustomed to bite.

Feldman v. Sellig.

4.  SAME—*Where Not Error to Refuse to Exclude Faulty Counts.*—
Where there is one good count in a declaration, it is harmless error to
refuse to exclude other counts from the jury.

5.  SAME—*What Faults in a Count Can be Reached by an Instruc-
tion to Disregard it.*—Only such faults in a count as would render it
insufficient to support the judgment can be reached by instructions to
disregard it; all others are waived by taking issue on it.

Trespass on the Case, for injury caused by the bite of a dog.
Appeal from the Superior Court of Cook County; the Hon. JOSEPH
E. GARY, Judge presiding.  Heard in this court at the October term,
1902.  Reversed and remanded.  Opinion filed October 26, 1903.

BOWLES, BOWLES & WELLNITZ, attorneys for appellant.

In order for appellee to maintain this suit she must prove,
by a preponderance of all the evidence, that Feldman
knew the dog in question was in the habit of biting man-
kind.  Keightlinger v. Egan, 65 Ill. 235; C. & A. R. R. Co.
v. Kuckkuck, 197 Ill. 304; C. & A. R. R. Co. v. Kuckkuck,
98 Ill. App. 252.

OSCAR C. MILLER, attorney for appellee; L. M. ACKLEY,
of counsel.

It is not absolutely necessary to a recovery that the
evidence shall show that the owner of the dog knew that
the dog actually had bitten some other person in order to
make him liable.  Evidence was before the jury which war-
ranted the inference by them that the dog was of a savage
and ferocious disposition and the appellant knew that fact.
Kolb v. Klages, 27 Ill. App. 531.

The *scienter* may be established by attendant circum-
stances without the necessity, in all cases, of proving prior
cases of injury.  Where watch dogs are kept for protection,
the dangerous character and knowledge thereof may be
inferred from their size, their actual conduct, the admitted
purpose for which they are kept, and the care exercised in
their custody.  Chicago & Alton R. R. Co. v. Kuckkuck, 98
Ill. App. 252, 257.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of
the court.

Appellee sued appellant in case for damages on account

of her having been bitten by appellant's dog, and recovered judgment for $200. The declaration contains four counts. In the first count it is averred, in substance, that the defendant wrongfully kept a certain dog, well knowing that he was accustomed to attack and bite, and that, June 27, 1900, the dog bit the plaintiff. The second count differs from the first only in averring that plaintiff, in addition to knowing that the dog was accustomed to attack and bite, knew that he was a vicious animal, and that he carelessly permitted him "to go at large, without being properly secured." In the third count it is averred that the defendant knew that the dog was of "a fierce, ferocious and mischievous nature," and carelessly suffered him to go at large, etc. The fourth count differs from the other three counts in averring that the defendant knew "that he, said dog, was accustomed to attack, assault and bite mankind." There was no evidence on the part of appellee, nor is there any in the record, that appellant ever knew or had notice that the dog in question ever bit or attempted to bite any person other than appellee, or that he was disposed to bite persons. Without proof of such knowledge or notice, there can be no recovery. Keightlinger v. Egan, 65 Ill. 235; Mareau v. Vanatta, 88 Ill. 132; W. Chicago St. R. R. Co. v. Walsh, 78 Ill. App. 595; Ahlstrund v. Bishop, 88 Ill. App. 424.

In Mareau v. Vanatta, *supra*, the court say :

"The law that governs a case of this character is plain and well understood. It may be stated in a few words. The owner of domestic or other animals not naturally inclined to commit mischief, as dogs, horses and oxen, is not liable for any injury committed by them to the person or personal property of another, unless it can be shown that he previously had notice of the animal's mischievous propensity, or that the injury was attributable to some other neglect on his part, it being, in general, necessary, in an action for an injury committed by such animals, to allege and prove the *scienter*. Chitty's Plead., Vol. 1, p. 81. See, also, Vrooman v. Lawyer, 13 Johns. 339. The rule of law as announced by Chitty, was approved by this court in Stumps v. Kelley, 22 Ill. 140."

Feldman v. Sellig.

There is no evidence except that of appellee's child, Walter Sellig, aged seven years, that the dog ever bit any one other than appellee, and we think his evidence utterly unreliable. On his examination in chief he testified that about two weeks before his mother was bitten, he saw the dog bite a little boy about his size of the name Pickerilly. The following occurred in his cross-examination by Mr. Bowles, appellant's attorney:

"Q. Did you ever play with Feldman's dog? A. No, ma'am.

The Court: Did you ever ride on his back?
A. No, ma'am.

Q. Did you talk with your father and mother about this case before you came here? A. Yes, ma'am.

The Court: About the dog biting your mother?
A. Yes, ma'am.

Mr. Bowles: Did they tell you what to testify to? A. Yes, ma'am.

Q. When did you talk with them about it, last night?
A. Yes, ma'am.

Q. Did you talk with the lawyer about it, this man?
A. Yes, ma'am.

Q. Did he tell you what to testify?

The Court: Did he tell you what to say here?
A. Yes, ma'am."

There is no evidence on the part of appellee, or in the record, that appellant's dog was or is of a ferocious or vicious disposition, or accustomed or used to bite persons. On the contrary, nine witnesses testified that the dog was gentle, and five of the nine testified that they had known him since he was a puppy. Most of these witnesses testified that they had seen the children in the neighborhood playing with and petting the dog, and some of them testified that they had seen the children riding on his back. Elsie Sellig, appellee's daughter, testified on cross-examination:

"He was a kind of pet around there; everybody petted him around there, Feldman's children and other children."

Appellee testified that at the time she was bitten she was living in the second story of a three-story building, and that Feldman occupied part of the same floor, and also occupied

the lower or first floor of the building for livery and the undertaking business, and that she, appellee, was in the alley when the dog bit her, and that her own dog was with her at that time.

James Gleason, a witness for appellant, testified that he was in the alley in the rear of the livery stable, and saw the dog bite; that he saw appellee come down, and she was feeding a small dog, and the small dog was eating, and went over to take some food from Feldman's dog, and that appellee went over and struck Feldman's dog with her right hand; that he was eating when she struck him, and he snapped at her.

Henry Bloss, another witness for appellant, testified that he was present, in Gleason's company, when the dog bit appellee; that she came from the house with a dog, and that she struck Feldman's dog while he was eating. The testimony of these witnesses is uncontradicted. In Mareau v. Vanatta, *supra*, the court say :

" We understand, too, that the party damaged can not recover if his negligence contributed materially to the injury, as was said in Keightlinger v. Egan, 65 Ill. 235, which was an action to recover damages resulting from the bite of a dog. If the plaintiff wantonly irritated and aggravated the dog, and the dog bit him in repelling the aggression, and not from a mischievous propensity, which we understand to be the purport of the instruction, then the plaintiff should not be allowed to recover for damages caused by his own wrong."

Appellant's counsel assign as error the refusal of the court to instruct the jury that the plaintiff could not recover under the first, second and third counts of the declaration. The fourth count states a cause of action. It is a good count, and even though the other three counts are faulty, the error, if any, of the court in refusing to exclude them from the jury, was harmless. C. & A. R. R. Co. v. Anderson, 166 Ill. 572, 575.

Counsel contend that none of the first, second and third counts states a cause of action. Our opinion is that in each count a cause of action is imperfectly stated, but that

the fault of each of the counts, which is the non-averment that the dog was accustomed to bite persons, or mankind, is curable by verdict for the plaintiff, in case the verdict is supported by the evidence. Each of said counts is, as we think, sufficient, after verdict, to support a judgment. In Consolidated Coal Co. v. Scheiber, 167 Ill. 539, the court say :

" Only such faults, however, in the count, as would render it insufficient to support the judgment, can be reached by instructions to disregard it; all others are waived by taking issue on it; for the general rule is, that all defects appearing upon the face of the pleading are waived by taking issue upon it, instead of demurring, except such as show there is no cause of action, or such as are not cured by verdict." See, also, Swift & Co. v. Rutkowski, 182 Ill. 18, 24.

We think the counts obnoxious to demurrer, in averring merely that the dog was accustomed to bite. He may have been accustomed to bite dogs or other animals, but proof of this would not warrant a recovery. Keightlinger v. Egan, *supra.*

A motion to dismiss the appeal was reserved to the hearing. The motion will be overruled.

The judgment will be reversed and the cause remanded.