# CASES

## SECOND DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

## DURING THE YEAR 1904.

---

### Aaron C. Johnston, et al., v. Frank McNiff.

#### Gen. No. 4,284.

1. INSTRUCTION—*when an, as to right of recovery upon proof of declaration, is proper*. An instruction which tells the jury that if they believe from the evidence that the plaintiff has proven the allegations of his declaration by a preponderance of the evidence, then they should find the defendant guilty, is proper, notwithstanding one or more counts of such declaration may be faulty, where the defendant did not demur to such declaration and did not ask an instruction directing the jury to disregard the counts claimed to be faulty.

2. VERDICT—*when, not disturbed upon appeal*. A verdict will not be disturbed upon appeal unless it is clearly and palpably contrary to the weight of the evidence.

Action on the case for personal injuries. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed March 14, 1904.

DANIEL F. HIGGINS and EDWARD C. AKIN, for appellants.

DONAHOE, McNAUGHTON & McKEOWN, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

This is an action on the case by appellee against appellants for damages on account of a personal injury sustained by appellee while in appellants' employment. Appellants

(1)

were engaged in the business of retailing and delivering coal and other articles, and used a number of horses and wagons in said business. Appellee was employed by them to drive teams or horses in the work of delivering coal to purchasers.

The first five counts of the declaration charge in appropriate language, that appellants disregarded their duty to furnish appellee with a wagon in good repair and safe condition for use, but furnished him a wagon that was defective and unsafe, and that by reason of such defects one of the wheels came off, causing the horse to run away and throw appellee to the ground, thereby injuring him. The defects set out in the declaration are that one of the wheels of the wagon appellee was using was insecurely fastened on, that the threads in the burr used to hold the wheel on the axle tree were worn to such an extent that the burr was loose and insecure and would fall off, and that the attachments used for the purpose of holding the wheel on the axletree were inadequate and insufficient. The sixth count charges that appellants furnished appellee with an unsafe, unmanageable and vicious horse which without appellee's fault and while he was exercising due care, became frightened and ran away, thereby injuring him. The seventh count charges that appellants furnished appellee with an unsafe horse, wagon, tools and appliances, and that while he was exercising due care, one of the wheels of the wagon came off the axle, causing the horse to become unmanageable and run away, thereby injuring him. The trial resulted in a verdict and judgment for appellee for seven hundred and fifty dollars and the case is brought here by appeal.

Only one instruction was given for appellee, which is as follows :

"The court instructs the jury that if they believe from the evidence that the plaintiff has proven the allegations of any one or more counts of the declaration herein, by a preponderance of the evidence, and that the plaintiff suffered and sustained injuries in the mode and manner charged in one or more counts of the declaration herein,

and that he was then in the exercise of ordinary care for his own safety, then they should find the defendant guilty."

It is insisted the court erred in giving this instruction, for the reason that the sixth and seventh counts of the declaration are faulty, and because there was no evidence to support said sixth and seventh counts. Appellants did not demur but pleaded to the whole declaration, and issue was joined thereon. The court was not asked by appellants to instruct the jury to disregard the counts claimed to be faulty and not supported by the evidence. It is not questioned that the first five counts were good, nor that the evidence was applicable thereto. The fifty-seventh section of the Practice Act provides that " whenever an entire verdict shall be given on several counts the same shall not be set aside or reversed on the ground of any defective count, if one or more of the counts in the declaration be sufficient to sustain the verdict." We deem it unnecessary to determine whether or not said sixth and seventh counts were so faulty as to be insufficient to sustain a verdict, for even if they were, there being five good counts, and the instruction being general as to the whole declaration, was properly given. Consolidated Coal Co. v. Scheiber, 167 Ill. 539; C. & A. R. R. Co. v. Anderson, 166 Ill. 572; H. & St. J. R. R. Co. v. Martin, 111 Ill. 219; Shreffler v. Nadelhoffer, 133 Ill. 536; Franklin Printing Co. v. Behrens, 181 Ill. 340; Pennsylvania Co. v. Backes, 133 Ill. 255. In the latter case the Supreme Court say: " The substance of the charge complained of is, that if the jury believe, from the evidence, that the plaintiff, without fault or negligence on his part, was injured by the wrongful acts of the defendant company, as alleged by the plaintiff in his declaration, then they should find the defendant guilty. We shall not stop to inquire whether the second, third and fourth counts were sustained by the evidence introduced under them. Even if they were not, a recovery might be had under the first count. The instruction complained of could not mislead the jury." In C. & A. R. R. Co. v. Anderson, *supra*, the trial court refused to instruct the jury to disregard cer-

tain counts of the declaration claimed to be faulty, and this was assigned for error in the Supreme Court. That court say: "If there is one good count to which the evidence was applicable and which is sufficient to sustain the judgment, the error of the court, if any, in refusing to instruct the jury to disregard the other counts, becomes harmless."

It is next insisted the court erred in overruling appellants' motion for a new trial for the reason that the plaintiff failed to prove his case under any count of the declaration by a preponderance of the evidence. As is not unusual in contested law suits, the evidence was conflicting upon material points. We deem it unnecessary, and that it would be of no value for us, to attempt to analyze or set out in this opinion the substance of the testimony on both sides. We have read it carefully and are unable to say that plaintiff below did not make a case by his proof under one or more of the first five counts of the declaration, which authorized a recovery. It was the province of the jury to determine from the evidence whether defendants were guilty of the negligence charged and whether plaintiff was injured thereby without fault on his part, and their verdict is binding on this court, unless we can say that it is clearly and palpably contrary to the weight of the evidence. This we cannot say in this case, and finding no error the judgment is affirmed.

*Affirmed.*

Mr. Presiding Justice DIBELL having presided at the hearing of this cause in the trial court, did not participate in the foregoing opinion.