274     APPELLATE COURTS OF ILLINOIS.

Ardison v. Illinois Cent. R. Co., 155 Ill. App. 274.

## Charles Ardison, Appellee, v. Illinois Central Railroad Company, Appellant.

1. PRACTICE—*when motion in arrest properly denied.* If there was no demurrer to a declaration containing several counts but a plea to the whole declaration, and no request made of the court to instruct the jury to disregard alleged faulty counts, and the verdict is upon all the counts, a motion in arrest for the reason that one count of the declaration states no cause of action, is properly denied.

2. INSTRUCTIONS—*when appropriate as to right of recovery.* Instructions which permit a recovery if the plaintiff has "made out his case as set out in any one of the counts of the declaration" is proper notwithstanding one of the counts of such declaration may be defective.

3. CONTRIBUTORY NEGLIGENCE—*alighting from moving train.* It is not negligence as a matter of law to get off a moving train when not instructed or directed to do so by some representative of the road; whether it is negligence so to do depends upon all the attendant circumstances.

4. PASSENGER AND CARRIER—*obligations of latter.* A carrier owes to a passenger the exercise of the highest degree of care for his safety consistent with the practical operation of its road, and if lighting its platform and premises is necessary to the exercise of such degree of care it is the duty of the carrier so to do.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. C. T. MOORE, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 9, 1910.

C. H. BURTON, for appellant; JOHN G. DRENNAN, of counsel.

TERRY & GUELTIG, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was an action by appellee to recover damages for an injury alleged to have been occasioned by the negligence of the appellant whereby appellee while attempting to alight from a passenger train, was thrown or fell under the wheels suffering the loss of his leg and

two fingers of each hand.    There was a verdict for the sum of $3,000 upon which judgment was duly entered.

Appellee's declaration contained six counts.    The first charges appellee was a passenger to be carried to Wilderman station; that it was the duty of appellant to properly light the station platform at Wilderman so passengers might alight with safety; that such duty was disregarded and that while appellee was attempting to alight while the train was moving so slowly that in the absence of light he was led to believe the train had stopped at the platform, he was jerked and thrown between the end of the platform and the train and injured.

The gist of the second count like the first is the alleged negligence of appellant in failing to light the platform on account of which when Wilderman station had been called and the car upon which appellee was, had nearly come to a full stop, he being misled by the absence of light stepped from the car to the platform at a point so near the end thereof that he was thrown down and under the train and injured.    The negligence averred in the third count is in running the train past the platform when dark.    The fourth count was dismissed.    The fifth count charges a sudden and violent moving of the train without giving appellee a reasonable time to alight whereby he was thrown down, and the sixth count a negligent operation of the train in moving it, whereby in attempting to alight the appellee was thrown, etc.

Among the errors assigned and argued, is the ruling of the court in refusing to sustain appellant's motion in arrest of judgment for the reason the second count of the declaration stated no cause of action.

There was no demurrer, but a plea to the whole declaration, and no request to instruct the jury to disregard the alleged faulty count and the verdict was upon all the counts.    By section 58 of the Practice Act it is provided that "Whenever an entire verdict shall be given on several counts the same shall not be set

aside or reversed on the ground of any defective count if one or more of the counts in the declaration be sufficient to sustain the verdict.'' There was no error in the court's ruling on the motion in arrest of judgment.

In this connection it is argued the court erred in giving appellee's first and third instructions for the reason they permit a recovery if the appellee "made out his case as set out in any one of the counts of the declaration" or "as alleged in his declaration", and it is said it cannot be determined whether the verdict is on the second count or some other count.

No objection being urged to the other counts in the declaration, it is assumed they were sufficient, and the first and third instructions being general to the whole declaration, were not improperly given. Pennsylvania Co. v. Backes, 133 Ill. 255; C. & A. R. R. Co. v. Anderson, 166 Ill. 572; Johnston v. McNiff, 113 Ill. App. 1.

It is also urged the court committed error in refusing the following instruction asked by appellant:

"If you find from the evidence that Charles Ardison, plaintiff, stepped off the train on the platform at Wilderman Station, while the train was in motion and that he knew the train was then moving and had not come to a stop, and that no agent, trainman or representative of the defendant had then and there instructed or directed Ardison to get off the train at said time and place, while the train was moving, then the court instructs the jury that it is the law in this case that plaintiff cannot recover and your verdict must be for the defendant finding it not guilty.''

This instruction in effect declares it to be negligence *per se* to get off a moving train when not instructed or directed to do so by some representative of the appellant without regard to the attendant circumstances, and does not state a correct rule. Whether it is negligence to do so or not depends upon all the attendant circumstances. C. & A. R. R. v. Byrum, 153 Ill. 131; Railroad Co. v. Core, 202 id. 188; B. & O. S. W. R. R. Co. v. Mullen, 217 id. 203.

The only remaining question raised is the alleged error of the court in refusing the peremptory instruction asked by appellant to find it not guilty.

In the evening of December 7, 1907, appellee was a passenger on one of appellant's trains from Freeburg to Wilderman. The train was composed of a mail, express, and baggage car, a smoking car and two first class coaches. Appellee had a basket of groceries and a can of oil he had purchased at Freeburg. When he got on the train he went to the forward end of the smoking car where he remained until the train arrived at Wilderman about four miles distant from Freeburg. At Wilderman there was a station with a platform about one hundred and forty feet long and twelve feet wide. There was no depot building. On the opposite side of the platform from the main track there was a waiting shed and at the north end of the platform (the direction the train was going) was a small block house used as a telegraph office with a window on the south side and two on the east side. There are a few other buildings in the neighborhood but not near enough to furnish light. The only lights about the platform were two coal oil lamps inside the block house which the operator states would illuminate about two feet of space of the platform.

There was some light from the car window and possibly two or three lanterns but it is apparent from the evidence the platform was practically without artificial light.

When the train reached Wilderman it was thirty minutes late and was after dark and it ran far enough north, that the north end of the smoker was beyond the end of the platform. When the train was approaching the station the station was called and the passengers for that place prepared to get off. Appellee with some of the others went out on the north platform of the smoker. He had his basket and can in one hand. When the train reached the station he with the other hand holding to the platform railing, descended the

278    APPELLATE COURTS OF ILLINOIS.

Ardison v. Illinois Cent. R. Co., 155 Ill. App. 274.

car steps and in alighting he was thrown down on the ground north of the platform and under the train. There is no evidence that the train jerked but appellee testifies that the train was going so slow he thought it had stopped. He further says there was no light on the platform and he could not see. In the cross examination he says the car was moving so slowly he thought it had about stopped; that when he put his foot down he thought he was putting it on the platform; that it was dark and he could not see. The train had not stopped when appellee stepped off and he says himself when he stepped off he found the train was moving and his foot was jerked back and he didn't know what his foot came against. No other witness seems to know just how the accident happened and under this evidence it was a question of fact for the jury to determine whether the absence of sufficient light upon that platform was the proximate cause of appellee's injury, and whether under the circumstances he was in the exercise of ordinary care.

The obligation of appellant to the appellee as a passenger was to use the highest degree of care for his safety consistent with the practical operation of its road, and if lighting its platform and premises were necessary to the exercise of that degree of care, it was its duty to have the light.

We are of the opinion the evidence supports the verdict under the first count of the declaration and the court did not err in refusing the instruction to direct a verdict for appellant. The judgment will accordingly be affirmed.

*Affirmed.*