CHICAGO AND ALTON RAILROAD COMPANY

*v.*

EDWARD BONIFIELD.

*Filed at Springfield September 28, 1882.*

|104 223|
|142 558|
104 223
150 105
153 137
|104 223|
| 48a 50|
104 223
72a 364

1. APPEAL—*reviewing questions of fact—as to comparative negligence.* In an action by an administrator to recover damages of a railroad company for negligence, causing the death of the intestate, the question of negligence, and its comparison as between the deceased and the defendant, is one of fact, and whether it is found correctly can only be inquired into by the Appellate Court.

2. So, where a jury has found, from the evidence, that the act of a passenger in alighting from a train, at the time and under the circumstances appearing, was slight negligence, and the negligence of the servants of the railroad company in starting its train, when compared with that of the passenger, was gross, and such finding is sustained by the Appellate Court, it is conclusive on this court, and can not be reexamined.

3. NEGLIGENCE—*as to what constitutes negligence.* The value of a certain fact in evidence depends largely on the attendant circumstances. Hence what acts are negligent, depends upon other facts and circumstances. It may be true that alighting from a train of cars while in motion is negli-

gence, when the railroad company is not in fault, and the train has considerable speed, but it is not necessarily true when it is a question of comparative negligence.

4. SAME—*as a question of fact.* It is the settled doctrine of this court, that what is or is not negligence in a particular case is a question of fact to be found by the jury, and it is equally well settled that a question of comparative negligence is one for the jury.

5. PRACTICE—*instructing jury as to right of recovery.* If a plaintiff by the evidence establishes a liability on the part of the defendant to him, he will have a right to a recovery, and it is not error to so instruct the jury, leaving them to find the amount of the damages from the evidence.

6. NEW TRIAL—*excessive damages.* Fourteen hundred dollars damages in an action by an administrator against a railroad company, to recover for gross negligence, causing the death of the plaintiff's intestate, even if this court may review the case as to damages, is not so large as to require a reversal.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. WILLIAMS, BURR & CAPEN, for the appellant.

Messrs. STEVENSON & EWING, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, and it is not disputed, that on the 28th day of October, 1880, Peter Ely, deceased, having attended a political mass meeting at Bloomington, at about half-past ten o'clock at night took the cars at that place for the town of McLean, where he resided. On the arrival of the train at that place, in alighting from the train he was thrown by the motion of the cars, or fell on the platform, receiving injuries from which he died some three months afterwards. He brought suit in his lifetime to recover damages from the company for the injury, but having died before a trial, the suit was revived in the name of his administrator, to recover for his widow and next of kin. On a trial the jury found a verdict in favor of plaintiff for $1400, and after overruling

a motion for a new trial the court rendered a judgment on the verdict. Defendant appealed to the Appellate Court, and on a trial therein the judgment was affirmed, and the case is brought to this court by appeal.

Each side contends that the other was guilty of negligence, and the evidence tends to prove that both were. But appellee claims that even if this be true, the negligence of deceased was slight, and that of the company was gross. It is contended for the company, that the negligence of the deceased was not slight in comparison with that of the employés of the company, and that if guilty of negligence, it was not gross in comparison with that of deceased. The question of negligence and its comparison is one of fact, and its determination is for the jury, and the question of whether the jury have found correctly can only be reviewed by the Appellate Court.

It is claimed that alighting from a train in motion is such negligence as to preclude all recovery, whatever the circumstances. This may be true, and no doubt is, where the company is not in fault, and the train has considerable speed; but it is not necessarily true where it is a question of comparative negligence. A train might be barely in motion,—moving so slowly as to be scarcely perceptible on close inspection,—when to get off would be attended with no danger whatever. To hold such an act, under such circumstances, gross negligence *per se*, would find no sanction in reason or justice. It would violate the experience of all persons, and be contrary to the reason of all men. But to leave a train when running at a high rate of speed, as was done in some of the cases to which reference is made in argument, is, and must be, gross negligence. And it may be perilous to get off in the dark when running at a rate of speed that would be safe in the light of day. The value of a certain fact in evidence depends largely on the attendant circumstances. An act which is gross negligence in one case is not in another,

15—104 Ill.

owing to modifying circumstances. Then, what acts are negligent must depend upon other acts in each case, and what is said in a case of negligence is with reference to that case. But few acts can be said to be negligent *per se*, hence stern and unbending rules as to the weight of particular acts as evidence can not be announced for all cases and under all circumstances. Such rules must necessarily be more or less flexible, or be under many cases confined to the cause being tried. All persons in the profession know that a small circumstance in evidence frequently rightfully changes the result of a trial and recovery.

It is the long settled doctrine of this court that negligence is a fact the finding of which is clearly within the province of a jury; and it is equally as well settled that a question of comparative negligence is as clearly within its province. The legislature has deprived this court of the power of reviewing controverted facts passed upon by a jury. That power has been conferred upon the Appellate Courts, and we have been deprived of its exercise. We are compelled to take them as found by those tribunals, and have no discretion in the matter. In this case it was a controverted fact whether the act of deceased in passing from the train at the time was slight negligence, and the negligence of the company in starting its train as it did, when compared with that of deceased, was gross. These facts have been found by the jury and the Appellate Court, and we have no right to disregard their finding.

In view of what we have here said, there was no error in giving and refusing instructions of the court on the trial below. If a plaintiff establishes a liability on the part of a defendant, he has a right to recover, and it is not error to so instruct the jury, leaving them, if they so find the liability, to find in his favor, and the right to fix the amount of damages, from the evidence. Appellee's instructions so inform the jury, and are not erroneous. There was no error in

modifying appellant's instructions' that were given, as they conformed to the law when modified. Those refused were erroneous, and were properly rejected. They were not in conformity with the settled law of this court, and the error is obvious.

It is urged that the damages are excessive. If the amount of damages in a recovery is not a fact to be found by a jury, but is a question of law that may be reviewed by this court, the amount found in this case, if we may review them, is not so large as to require a reversal. That the rule for the measure of damages is a question of law, there can be no question, but whether the amount found is a question of law, we decline to determine until a case is presented that demands its decision.

The judgment of the Appellate Court is right, and must be affirmed.

*Judgment affirmed.*