## WABASH, ST. LOUIS & PACIFIC RAILWAY CO.
### v.
## MARY J. MAHAFFEE, ADM'X, ETC.

FELLOW SERVANTS—QUESTION OF FACT.—The definition of fellow servants may be a question of law, but it is always a question of fact to be determined from the evidence whether the particular case falls within the definition.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding. Opinion filed April 6, 1885.

Mr. SAMUEL P. WHEELER, for appellant; as to fellow servants, cited C. & N. W. Ry. Co. v. Moranda, 108 Ill. 581.

Mr. JOHN M. LANSDEN, Mr. D. T. LINEGAR and Mr. ANGUS LEEK, for appellee; cited C. & N. W. Ry. Co. v. Moranda, 108 Ill. 581; C. & A. R. R. Co. v. May, 108 Ill. 288; Elmer v. Lock, 135 Mass.; Wabash Ry. Co. v. McDaniels, 107 U. S. 454; C., B. & Q. R. R. Co. v. Avery, 109 Ill. 314; C., B. & Q. R. R. Co. v. Warner, 108 Ill. 538.

CASEY, P. J.    This was an action on the case, brought by the appellee against appellant in the Circuit Court of Alexander county. The trial of the cause resulted in a verdict against the appellant. The case is brought to this court by appeal.

The first error assigned is that the court erred in giving to the jury the plaintiff's instructions numbered from one to ten inclusive.

The ninth instruction given for appellee in the circuit court is as follows:

The court instructs you that the said Belton J. Mahaffee, as a brakeman upon the train or trains of the defendant, was not a fellow servant with the said section men of the road or with the said car inspector of the company at Vincennes, Indiana, in such a sense as to prevent a recovery in this case, if the evidence shows that the said Belton J. Mahaffee, without fault or negligence on his part, came to his death by reason of the negligence of the defendant, as alleged in the said declaration or either count thereof.

This instruction was erroneous. Whether they were so co-operating or consociating is a question of fact for the jury and not of law for the court to determine. Wabash Ry. Co. v. Elliott, 98 Ill. 481; Pennsylvania O. Co. v. Conlan, 101 Ill. 93; Chicago & Alton R. R. Co. v. Bonifield, 104 Ill. 223; I. & St. L. R. R. Co. v. Morgenstern, 106 Ill. 216.

The definition of fellow servants may be a question of law, but it is always a question of fact to be determined from the evidence whether the particular case falls within the definition.

In the case of C. & N. W. Ry. Co. v. Moranda, adm'x, reported in 108 Ill. 582, the Supreme Court said, "Under our practice it is not admissible for the court to express any opinion to the jury on questions of fact, and it is no less so because the opinion expressed may be in conformity with a previously expressed opinion of this court upon reviewing a question of fact. Where there is evidence before a jury upon which it is legally admissible, there may be a difference of opinion; it is error to allow any opinion of the judge or court to be obtruded upon the jurors to influence their determination." In the case of the C. & N. W. Ry. Co. v. Moranda, adm'x, *supra*, the instruction given in the circuit court on the part of the plaintiff, was as follows:

" The jury are instructed that a man employed by a rail-

road company in the capacity of a section foreman, having charge and oversight of repairs upon a certain portion of its track, is not engaged in the same line of duty with an engineer and fireman running such company's locomotive engines, and is therefore not within the rule which exempts the common employer from liability to one of its employes for damages resulting from the fault, carelessness or negligence of a fellow servant or co-employe."

This instruction is identical with the one given in the case under consideration and was held to be erroneous by the Supreme Court. In the Moranda case the court said, "It is essential, not only that the rule shall be given to the jury with substantial accuracy, but also that the jurors shall thereupon be free to form and declare from the evidence before them their opinion upon the question of fact."

Other errors are assigned that we do not deem it necessary to discuss, and as the cause must be tried again, we express no opinion as to the facts. For the reasons given the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

BAKER, J., took no part in this case.