## Chicago & Alton R. R. Co. v. Byrum.

1. *Variance—Pleadings and Proof.*—An objection to a judgment on the ground of variance between the declaration and the proofs where made for the first time in the Appellate Court, if not interposed to the admission of the evidence nor among the reasons assigned in writing in support of a new trial, it must be considered as waived. Had the objections been specifically made at any time before judgment it could have been obviated in a few moments by an amendment of the declaration, but having submitted the case to the jury without so making it and taken the chances of a favorable verdict, a party can not be heard to urge it in the Appellate Court.

2. *Instructions—Duty of Carriers of Passengers.*—It is not error to instruct the jury, in an action against a railroad company for personal injuries, that common carriers of persons are required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted and the practical prose-

cution of the business, to prevent accidents to passengers riding upon their trains or alighting therefrom.

3. *Negligence—A Question of Fact—Exception.*—It may be regarded as settled in this State that as a rule, negligence, contributory or other, and whether the facts he admitted or proved, is a question of fact. The omission of a duty enjoined or commission of an act forbidden by a statute are recognized exceptions, and so is an act which at once strikes the minds of men in general as desperate or plainly reckless, like jumping from a train moving at the rate of fifty miles an hour.

Memorandum.—Action for personal injuries. Appeal from a judgment for the plaintiff, rendered by the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1891, and affirmed. Opinion filed October 24, 1892.

### APPELLEE'S STATEMENT OF THE CASE.

The appellee resided in Elkhart, Logan County, Illinois. She had been on a visit with her son, who resided near Broadwell, and on the 28th day of October, 1890, she purchased a return ticket at Broadwell, in the same county, to go to her home in Elkhart, Elkhart being the next station south of Broadwell, about six miles, on the Chicago & Alton Railroad, intending to return by the next train. The train arrived at Broadwell about six o'clock and about daybreak in the morning, appellee took the train to go to Elkhart. The car was crowded and the conductor procured her a seat in the rear end of the chair car. The train was composed of baggage car, smoking car, chair car and one or two sleepers. When the train arrived at Elkhart the brakeman announced the station once in the car where appellee was sitting, which was heard by her. The train stopped at Elkhart for a few moments, witnesses disagreeing as to the exact length of time. As the train slowed up after the announcement of the station, appellee left her seat and started forward to the front or south end of the car, from which end the brakeman announced the name of the station, and walked down the car as quickly as she could, carrying her valise in her hand. Passengers were coming in at the door as she got there and she asked them to let her pass. She got by them as soon as she could, got out on the

platform and stepped down the steps. She then noticed that the cars were moving very slowly. She stepped off on the platform and by the accelerated motion of the train, or its sudden starting, she was thrown upon the platform and injured.

### APPELLANT'S BRIEF.

The proof in this case does not fit the declaration.

The evidence being that appellee knowingly and intentionally jumped off a fast moving train, was such negligence as to preclude a recovery. Secs. 4 and 5, Vol. 2, Redfield on Railways, p. 240; I. C. R. R. Co. v. Able, 59 Ill. 132; Illinois Central R. R. Co. v. Phillip Lutz, 84 Ill. 598; Illinois Central R. R. Co. v. Chambers, 71 Ill. 520; Burrows v. Erie Railway, 63 N. Y. 556; Ohio & Mississippi Ry. Co. v. Stratton, 78 Ill. 94; Damont v. New Orleans & Carrolton R. R. Co., 9 La. An. 441; Railroad Co. v. Aspell, 23 Penn. St. 147; Gavett v. Manchester & Lawrence R. R. Co., 16 Gray (Mass.), 501; Jeffersonville R. R. Co. v. Hendricks, Admr., 26 Ind. 228; Jeffersonville R. R. Co. v. Swift, 26 Ind. 459; Crawfordsville R. R. Co. v. Duncan, 28 Ind. 441; Kelly v. Hannibal & St. J. R. R. Co., 70 Mo. 604; Straus v. Kansas City, St. J. & C. B. R. R. Co., 75 Mo. 185; Houston & Texas R. R. Co. v. Leslie, 57 Tex. 83; Secar v. Railroad Co., 10 Fed. Rep. 15; Jewelt v. The Chicago, St. Paul & Minn. R. R. Co., 54 Wis. 612; 6 American & English R. R. Cases, 379; Lake Shore & Michigan Southern R. R. Co. v. Bangs, 47 Mich. 470.

While generally negligence is a question of fact, the fact that appellee intentionally jumped from a train that she knew to be moving, being undisputed, the question of contributory negligence then becomes one of law. Morrison v. Erie Ry. Co., 56 N. Y. 307; C. E. & I. R. R. Co. v. O'Conner, 119 Ill. 594; Fernandes v. Sacramento City R. R. Co., 52 Cal. 45; 9 Am. Ry. Reports, 352; Gavett v. Manchester & Lawrence R. R. Co., 16 Gray (Mass.) 501; Gramlieh v. R. R. Co., 9 Phil. 78; Geietz v. R. R. Co., 81 Pa. St. 274; R. R. Co. v. Feller, 84 Pa. St. 226; Delaware, Lackawanna &

Western R. R. Co. v. Toffey, 38 N. J. Law, 525; Bonnell v. Delaware, Lackawanna & Western R. R. Co., 39 N. J. Law, 189; Pennsylvania R. R. Co. v. Righter, 42 N. J. Law, 180.

The instructions numbered 4 and 6, given for plaintiff, do not state the law correctly as applied to an injury to a passenger in getting off a train. Railroads are not required to exercise the highest degree of care to secure the safety, of passengers except so far as relates to the road bed, construction and equipment of the road, etc.; in those cases the passenger must rely solely on the carrier; but when, in getting off a train, a passenger is injured, the reason for the rule fails; it can therefore have no application to the facts of this case. C. & A. Ry. Co. v. Pillsbury, 123 Ill. 20; C. & A. Ry. Co. v. Fisher, 31 Appellate, 36; Meier v. Pennsylvania, 64 Penn. 225.

BLINN & HOBLIT, attorneys for appellant.

### APPELLEE'S BRIEF.

There was no variance between the proof and declaration. No objection was made in the court below on that ground and it was not assigned as error in the motion for a new trial. It therefore can not be raised for the first time in this court. Lake Shore & Michigan Southern Ry. Co. v. Ward, 35 Ill. App. 423; St. Clair Co. Ben. Soc. v. Feitsam, 97 Ill. 474; Start v. Moran, 27 Ill. App. 119.

The instructions for the plaintiff as to the degree of care required of defendant as a carrier of passengers, stated the law correctly. Galena & Chicago Union Railroad Co. v. Yarwood, 15 Ill. 471; C., R. I. & P. Ry. Co. v. Barrett, 16 Ill. App. 23; Keokuk N. Line Packet Co. v. True, 88 Ill. 614; C., B. & Q. R. R. Co. v. George, 19 Ill. 510; Galena & Chicago Union R. R. Co. v. Fay, 16 Ill. 558; Ohio & R. R. Co. v. Deckerson, 59 Ind. 321; Phila. etc., R. R. Co. v. Derby, 14 How. (U. S.), 468–486; McElroy v. Nashua & L. R. R. Company, 4 Cush. (Mass.), 400; Carroll v. Staten Island R. R. Co., 58 N. Y. 138; Baltimore & O. R. R. Co. v. Wightman, 29 Gratt. (Va.), 431; Story on Bailments, Sec. 601; Hutchinson on Carriers, Secs. 500 and 501; Thompson

C. & A. R. R. Co. v. Byrum.

on Trials, Vol. 2, Sec. 1774; Taber v. L. D. & W. R. R. Co., 71 N. Y. 489.

The railroad company was bound to afford appellee a reasonable opportunity to leave its train, and if, by reason of not doing so, appellee was injured while in the exercise of care and caution, the company would be liable. T., W. & W. R. R. Co. v. Baddeley, 54 Ill. 19; Illinois Cent. R. R. Co. v. Able, 59 Ill. 131; McNulta v. Ensch (Supreme Court Illinois), 24 N. E. Rep. 631; Penn. R. R. Co. v. Kilgore, 32 Penn. St. 292.

Whether alighting from a moving train is such contributory negligence as will bar a recovery is, under all the circumstances of the case, a question of fact for the jury. Chicago & Alton R. R. Co. v. Bonifield, 104 Ill. 223; Illinois Central R. R. Co. v. Haskins, 115 Ill. 300; Chicago & N. W. R. R. Co. v. Trays, 33 Ill. App. 307; Doss v. M., K. & T. R. R. Co., 59 Mo. 27; Wyatt v. Citizens R. R. Co., 55 Mo. 485; Kansas G., S. & L. R. R. Co. v. Dorough (Supreme Court Texas), 10 South-Western Rep., p. 712; Louisville, etc., R. R. Co. v. Crunk, 119 Ind. 542; Bucher v. New York Central Ry. Co., 98 N. Y. 128; Penn. Ry. Co. v. Kilgore, 32 Penn. St. 292; Waller v. Hannibal Ry. Co., 83 Mo. 608; Nance v. Carolina, etc., Ry. Co., 94 N. C. 619; Georgia Ry. Co. v McCurdy, 45 Ga. 288; Filer v. N. Y. Ry. Co., 49 N. Y. 47; Galveston, etc., Ry. Co. v. Smith, 59 Tex. 406; 2 Abbott's Law of Corporations, 598; Lloyd v. Hannibal Ry. Co., 53 Mo. 509; Taber v. L., D. & W. Ry. Co., 71 N. Y. 489; 2 Wood's Railway Law, 1129–1130; Thompson on Carriers, 226–227; Beach on Contributory Negligence, p. 157, Sec. 153; Thompson on Trials, Vol. 2, Sec. 1684; East Tenn. Ry. Co. v. Connor, 15 Lea. (Tenn.), 258; Louisville, etc., Ry. Co. v. Stacker, 86 Tenn. 343; New York, etc., Ry. Co. v. Colbourne, 69 Md. 360.

BEACH & HODNETT, attorneys for appellee.

OPINION OF THE COURT, *the Hon. George W. Pleasants, Judge.*

On the morning of October 28, 1890, appellee was a pas-

senger on appellant's train returning from Broadwell to her home in Elkhart, where it arrived shortly after daylight. She occupied a seat at the rear, or north end, of the chair car, which was crowded. Upon the announcement of the station by the brakeman, and as the train slowed up, she started with her valise in hand to go down the car and out by the forward door, but was somewhat impeded by others coming in. The judgment of witnesses varied as to the time the train stopped, but there was evidence clearly tending to prove that it was short, though before starting up the conductor signaled to the brakeman to know if all the passengers for the station were out and was answered " all right." From their positions neither of them could see the movement of appellee. She got out upon the platform as soon as she could, and then perceived that the train had started, but was moving so slowly that she thought she could step off without danger. The plat introduced by appellant and the testimony of the station agent showed that when she made the attempt it had moved only about two thirds the length of the car, or forty feet, while some others judged it to be farther. In stepping off she was thrown down by the motion of the car, her right arm was broken at the elbow joint, and she was otherwise bruised, cut and injured; for which she recovered in this action judgment upon a verdict for $3,000.

For reversal of this judgment appellant urges the following points:

First, that the case made by the evidence is fatally variant from that alleged in the declaration; that, according to the allegation, appellee was thrown from the car by its motion, while the proof is that she voluntarily stepped from it.

The statement in the second count is that the train was not stopped a reasonable length of time, but while plaintiff, in the exercise of due diligence and care, was about to alight from the train, the defendant carelessly allowed and caused it to be started and moved, causing her to be thrown with great force and violence upon the platform. It will be

observed that this count does not state in terms, as does each of the other two, that the motion of the train threw her "from" it, but only that it caused her to be thrown, with great force and violence "upon the platform," which does not necessarily exclude the proposition that she voluntarily stepped upon the platform. Her stepping from the car might have been voluntary and yet her fall upon the platform have been directly due to the motion of the car.

If, however, this distinction should be thought too fine to be admitted in favor of the pleader, this objection to the judgment comes too late. It was not interposed to the admission of the evidence, nor among the reasons assigned in writing in support of the motion for a new trial. The fact distinctly appeared from the testimony of the plaintiff herself, who was the first witness examined. Nobody seemed to be surprised by it. On that understanding the trial proceeded and the instructions were expressly based. Had the objection been specifically made at any time before final judgment, it could have been obviated in a few moments by amendment of the declaration. Having submitted the case to the jury without so making it, and taken the chances of a favorable verdict, appellant can not be heard to urge it here. The rule forbidding it is familiar. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; St. Clair Co. Ben. Soc. v. Feitsam, 97 *Id.* 474; Clause v. Bullock Printing Press Co., 20 Ill. App. 113; Start v. Moran, 127 *Id.* 119; L. S. & M. S. Ry. Co. v. Ward, 35 *Id.* 423.

Next, it is insisted that the court erred in giving the fourth and sixth instructions, as asked, for plaintiff. They are substantially the same, and therefore it is sufficient to state one only. The fourth is, " that common carriers of persons are required to do all that human care, vigilance and foresight can reasonably do, consistently with the character and mode of conveyance adopted and practicable prosecution of the business, to prevent accidents to passengers riding upon their trains or alighting therefrom."

This is the language commonly used by the courts to set forth the degree of care which the law requires of railroad

companies for the safety of passengers on their trains. But it is said it applies only to the construction and equipment of the road, the employment of servants, and other matters over which the carrier has exclusive control; and that in this case it may have misled the jury to apply it to the voluntary conduct of the passenger, over which the carrier had no control. Such a misapplication seems too unreasonable to be suspected. Had it been otherwise possible, it was fully guarded against by other instructions on both sides which could leave no doubt in the minds of the jurors that if the injury to plaintiff was attributable to her own voluntary act, they should return a verdict for the defendant. The instruction was evidently aimed at the conduct of the company, over which it had entire and exclusive control, namely, the stop of the train at the station. As to that, there was nothing hard or unreasonable in the requirement, which was only to use care, vigilance and foresight to prevent the accident, as it "reasonably" could, considering "the character and mode of conveyance and the practicable prosecution of the business." It called for a stop of no particular length. That might depend on the number of passengers to get off, the condition of the cars, as crowded or otherwise, the impediments caused by others getting on, and other special circumstances; while the practicable prosecution of the business required, with reference to the convenience of passengers going further and to the safety or convenience of other trains, that there should be no needless detention or delay. But it certainly did call for a stop reasonably sufficient, under all the circumstances, to allow passengers for that station, using ordinary diligence and care in getting off, to do so safely. These instructions were properly applicable, and we doubt not were applied only, to the conduct and management of the train.

Lastly, it is complained that the court modified the defendant's instructions numbered respectively 2, 5 and 7.

The second, as asked, was "that it was the duty of the plaintiff to promptly leave the car upon the arrival of the train, and as soon as the train came to a stand at Elkhart;"

to which the court added "if it did come to a stand." We do not believe it was her duty to leave the car quite so soon, nor that the modification, if improper, could do any harm.

The fifth and seventh were in substance alike, and to the effect that if plaintiff heard the announcement of the station duly made, but from bewilderment "or any other cause," failed to get off the train while it was standing there, then it was her duty to remain on it and not attempt to get off while it was in motion, though she believed she could do it safely; and if she was mistaken, and in making such attempt was injured, the defendant was not liable for it. The court modified them by adding the hypothesis "that the train stopped a reasonable length of time to allow passengers, in the exercise of reasonable care and diligence, to get off."

The modification presents the main question in the case. Appellant's contention is that "a passenger who knowingly and intentionally jumps (or we may add steps) from a moving train to prevent being carried past a station where he designed stopping, is guilty of contributory negligence, not as a matter of fact but as one of law."

We understand it to be settled in this State that as a rule negligence, contributory or other, and whether the facts be admitted or proved, is a question of fact. The omission of a duty enjoined, or commission of an act forbidden by statute, are recognized exceptions. So, an act which at once strikes the minds of men in general as desperate or plainly reckless, like jumping from a train moving at the rate of fifty miles an hour, is one about which it might well be assumed that no man fit to be a juror would entertain a question. But no such act is described in these instructions. They describe it simply as jumping or stepping from a car while the train was in motion, and the fact is known to be that it was motion just resumed after stopping, and before the car had been carried beyond the platform of the station at which it had so stopped. Yet counsel have referred us to numerous decisions and treatises as authority for the proposition that such an act is also an exception to the rule. With-

out attempting to review them, or those cited on the other side, we think the weight of authority and reason is against it, and that this is clearly the doctrine of the Supreme Court of Illinois. C. & A. R. R. Co. v. Bonifield, 104 Ill. 223; I. C. R. R. Co. v. Haskins, 115 *Id.* 300.

These instructions, therefore, might well have been refused. The modification brought them into harmony with those given for plaintiff and set forth the court's theory of the case, which was, that if the injury was attributable to the voluntary act of the plaintiff alone, without fault on the part of the defendant (and none was charged, except the failure to stop the train for a time reasonably sufficient to allow her, by using due care and diligence, to get off while it was standing), then she alone must suffer the consequences of her act, whether it was or was not ordinarily careful. In that case, the defendant would sustain no more relation to it than would the other passengers or any stranger. But if it was the negligence of the defendant that raised the question whether she should remain on the train or attempt to get off while it was in motion, and necessitated her judgment and action thereon, and she judged and acted as ordinarily careful persons generally would in like circumstances, then the injury was not attributable to any fault on her part, but to the negligence of the defendant. While her act was of her own will, the circumstances which required her to act, and limited her to one of two only, were the direct and immediate result of its fault. If she could have had her own will, she would neither have remained on nor got off the moving train; and she would have had it, as was her right, if defendant had done its duty to her.

We think that was a correct view of the law. I. C. R. R. Co. v. Able, 59 Ill. 132; C. & A. R. R. Co. v. Bonifield, *supra;* C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586.

The questions of fact—whether defendant was negligent, and plaintiff acted with ordinary care—were fairly submitted to the jury, and their finding seems to have been fairly supported by the evidence. Perceiving no material error in the record, the judgment will be affirmed.