THE CHICAGO AND EASTERN ILLINOIS RAILROAD CO. *et al.*

*v.*

GEORGE HUSTON, Admr.

*Opinion filed April 16, 1902—Rehearing denied June 5, 1902.*

1. EVIDENCE—*what competent as tending to show intent of deceased to become passenger on train.* Where the principal controversy in an action to recover for the death of a boy is whether the deceased was a trespasser on the tracks or was crossing the tracks to take passage on a train then about due, it is not error to permit the boy's father to testify that he had given the son a nickel to pay his fare home some half an hour before the happening of the accident, and that a nickel was all the money found in his possession after the accident.

2. INSTRUCTIONS—*instruction should not tell jury what acts constitute negligence.* It is not proper for an instruction to tell the jury what acts or omissions constitute negligence, or that it was the duty of the deceased to have looked and listened, and that "he could not have failed to see the engine as it was approaching and he must have neglected to look."

3. DAMAGES—*law presumes a pecuniary loss to father from death of son.* If the deceased is a minor and leaves a father entitled to his services, the law presumes there has been a pecuniary loss to the father from the son's death, for which compensation, under the statute, may be given.

*C. & E. I. R. R. Co.* v. *Huston,* 95 Ill. App. 350, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

W. H. LYFORD, and KENESAW M. LANDIS, (SOL. RO-SENBLATT, of counsel,) for appellants

THORNTON & CHANCELLOR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action on the case brought by appellee, as administrator, to recover damages for the death of Frank B. Huston, his son, a young man of about seventeen years of age. The son was struck and killed by a locomotive of the Chicago and Eastern Illinois Railroad Company on the evening of May 11, 1895, at or near the Seventy-second street suburban station of the appellant's road, in Chicago. The locomotive was going north rapidly, without any cars attached, the engine driver evidently intending to run past this station without stopping. At the station were two parallel tracks running north and south, used for passenger trains exclusively, the easternmost one for north-bound passengers and the other for those bound south. There was a passenger platform along the east side of the tracks and another one between the two tracks. The principal dispute was whether the deceased was walking on the track, and thus a trespasser, when he was struck by the locomotive, or whether he was in the act of crossing the track to take passage on the south-bound train from the platform between the tracks. The evidence on this point was very conflicting. A south-bound passenger train was due at this station about the time of the accident.

At the close of appellee's evidence, and again at the close of all the evidence, appellants moved the court to instruct the jury to find for appellants, which instruction

the court refused. There was no error in refusing the instruction, inasmuch as the question whether deceased was in the exercise of due care for his own safety was one especially for the jury to determine under the conflicting evidence in the case. The jury returned a verdict for $3600 damages, and the judgment on this verdict was affirmed by the Appellate Court.

The appellee was allowed to testify, over the objections of appellants, that he gave his son a nickel a half or three-quarters of an hour before the accident, when he left home, and that a nickel was all the money found in his possession after the accident. It is claimed that this testimony was irrelevant and not part of the *res gestœ,* but too remote in time to be properly considered by the jury, and that it was error to admit it. The object of the testimony was to show that the deceased had secured the means of paying his fare to his home before leaving his father, and, in connection with other circumstances in evidence, that he was at or near the railroad platform with the intention and for the purpose of taking passage on the train approaching from the north, and was then crossing the track to the proper platform for that purpose when he was struck by the locomotive running north. A number of cases are cited by appellants to sustain their contention that the testimony was inadmissible, but all of them refer to statements or declarations made by the party injured, some time either before or after the accident. No declaration or conversation was here admitted in evidence but the mere fact that the deceased came to his father just as he was leaving home and that his father gave him a nickel. His father did not see him again till after the accident. The act of getting and receiving the nickel, and the finding of it in his pocket at the station, were competent as circumstances tending to show, in connection with other circumstances, the purpose of the deceased in being at the railroad station. If he had attempted to cross the easternmost track,

upon which the locomotive was running, to reach the platform where passengers entered cars running south on the next track, with no means with which to pay his fare, that would have been a circumstance tending to prove that he did not intend to become a passenger on the then approaching train. The converse of this proposition would not necessarily be true, still it was not error to admit it as a circumstance in the proof.

The refusal of appellants' seventh instruction is urged as error. It is not proper to tell the jury what acts or omissions will constitute negligence, or that it was the duty of the deceased to have looked and listened, and "that he could not have failed to see the engine as it was approaching, and that he must have neglected to look," as would have been done had this instruction been given. (*Chicago, Burlington and Quincy Railroad Co.* v. *Gunderson*, 174 Ill. 495.) The question what a reasonably prudent person would do for his own safety under like circumstances must be left to the jury as one of fact. *Chicago and Northwestern Railway Co.* v. *Hansen*, 166 Ill. 623.

It is claimed by the appellants that no damages were proved and that the verdict is therefore unsupported by the evidence. The deceased was the son of and worked for appellee, and had been paid by him as high as $12 a week for his services. It is contended that the evidence showed that he was an expense to his father and that appellee received no pecuniary benefit from him. His father was not obliged to pay him anything for his services. Where the deceased is a minor and leaves a father entitled to his services, the law presumes there has been a pecuniary loss from his death, for which compensation, under the statute, may be given. *City of Chicago* v. *Scholten*, 75 Ill. 468; *Bradley* v. *Sattler*, 156 id. 603.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*