### THE CHICAGO UNION TRACTION COMPANY

*v.*

### AUGUST LUNDAHL, Admr.

*Opinion filed April 17, 1905.*

1. TRIAL—*when case is properly left to the jury.* An action for negligence is properly left to the jury under evidence, though contradicted, tending to show that deceased, with an older boy, was about to board a street car which had slackened up on signal from the older boy, and that when deceased was about to step on the car it was suddenly started, throwing deceased to the ground and passing over his body, causing his death.

2. SAME—*whether it is negligence to board a moving car is a question for the jury.* Whether it was negligence for plaintiff's intestate to attempt to board a street car before it had come to a full stop is a question of fact for the jury under the particular circumstances of the case, and is not, as a matter of law, negligence *per se*.

3. EVIDENCE—*what competent to be proved in action for negligence.* Where defendant attempts to prove that plaintiff's intestate and his companion, an older boy, were attempting to steal a ride on the street car at the time of the injury, it is proper to show that the older boy had twenty cents in his possession which his mother gave him, even though the defendant, by its objection, prevents proof of the purpose for which the money was given.

4. APPEALS AND ERRORS—*one who invites error must abide by result.* One who asks the court to make a specific ruling or act in a certain way cannot complain, on appeal, that error resulted from such ruling or action.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is an action on the case, brought on May 8, 1902, by the appellee, as administrator of the estate of Herbert S. Lundahl, deceased, against the appellant company to recover damages for an injury, resulting in the death of appellee's intestate. The trial resulted in verdict and judgment in favor of the appellee, which judgment has been affirmed by the Appellate Court; and the present appeal is prosecuted from such judgment of affirmance.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

E. C. WOOD, and ELMER & COHEN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The errors, relied upon by the appellant for reversal, are two only; first, the refusal of the peremptory instruction in writing, requested by the appellant at the close of all the evidence, directing the jury to find the defendant not guilty; and, second, "the ruling of the trial court in admitting evidence, that the companion with deceased had twenty cents in his possession, there being no evidence that the deceased had any money to pay fare, or that the companion intended to pay the fare of deceased."

*First*—The refusal of the court to instruct the jury to find the appellant not guilty raises the question, whether there is any evidence in the record fairly tending to support the cause of action; and, if there was evidence tending to establish the cause of action in this case, it was not error for the court to refuse a peremptory instruction to the jury to find the defendant not guilty. (*Chicago City Railway Co. v. Martensen,* 198 Ill. 511; *Chicago City Railway Co. v. Loomis,* 201 id. 118; *Missouri Malleable Iron Co. v. Dillon,* 206 id. 145; *Graver Tank Works v. O'Donnell,* 191 id. 236; *Chicago and Alton Railroad Co. v. Eaton,* 194 id. 441).

A careful examination of the evidence shows that there was proof, tending to establish the fact that the deceased was in the exercise of ordinary care for his own safety at the time when the accident occurred, and that the appellant company was guilty of such negligence, as caused the accident which resulted in the death of the deceased.

The deceased, plaintiff's intestate, was a boy ten years and eight months old. On November 16, 1901, he went with his cousin, a boy older than himself and about twelve years of age, to the south-west corner of North Clark and Elm streets. His companion and cousin twelve years old was named Ernest Anderson, and lived with his parents at 450 Clark street. The deceased, Herbert S. Lundahl, ten years and eight months old, lived on the west side. The evidence tends to show that on the day in question, which is described by one or more of the witnesses as being a clear day, the two boys at about one o'clock in the afternoon went to the corner already named for the purpose of taking the car, coming from the north and proceeding southward. There is some conflict in the testimony as to where the boys were standing when the south-bound train came along. The evidence of the plaintiff tends to show that they were about four feet east of the sidewalk curbing on the west side of the street at the south-west corner of Elm and Clark streets. The train bound southward consisted of a grip-car, and two trailers in the rear of the grip-car. The evidence of the plaintiff tends to show that, as the train approached the corner in question, the older boy, Ernest Anderson, raised his hand as a signal to the train to stop, and that the train slackened its movement, and, in the language of some of the witnesses, "almost came to a standstill," although it did not entirely stop. The expression in the testimony is that it "began to slow up." The boy Anderson says: "It stopped slow like, still." When the movement of the car was thus slackened, the elder boy succeeded in getting upon the front platform of the trailer next to the grip-car. The deceased

attempted to get upon the platform of the hindmost car, and succeeded in getting hold of the rail with one hand and in putting his foot upon the step of the platform. While he was in this position, the car was suddenly and rapidly moved forward with what the witnesses call "a sort of jerk," which had the effect of throwing the deceased from the car. upon the ground; and, after he had fallen to the ground, the car passed over his body and killed him.

The testimony on the part of the appellant company contradicts in important particulars the evidence, introduced in behalf of the plaintiff. The servants of the appellant company in control of the train say that no signal was given to stop the train; that they did not see the boys; and that the motion of the cars was not slackened, but that they passed the crossing at the usual speed. While, however, the testimony is conflicting, it cannot be said that there was no testimony, tending to sustain the cause of action. If the testimony of the witnesses for the plaintiff was true, the plaintiff established his cause of action, and was entitled to recover. Whether it was true or not was a matter for the determination of the jury.

The testimony is uncontradicted that the point, at which the witnesses in behalf of the plaintiff testified that the car slackened its motion, and at which the testimony of plaintiff's witnesses tended to show that the boy Anderson raised his hand as a signal for the car to stop, was the usual place for the stopping of the cars to take on passengers. The point in question was at the south-west corner of Clark and . Elm streets, being the south side of Elm street, where a train of cars coming from the north would cross it. The two boys were standing together, and the signal given by the older boy was given in behalf of both of them. The fact, that the car slackened its motion and almost stopped, tends to confirm the statement of plaintiff's witnesses, that the older boy did raise his hand as a signal for the train to stop, and that the gripman saw the signal. There is no evidence to the

effect that anybody else than the boy Anderson gave a signal to the train to stop, and it would not be likely to slacken its motion in the way indicated by the witnesses, unless the parties in control of the train had received such a signal. The slackening of the movement of the train, so as to make it almost stop in obedience to the signal alleged to have been given, was an invitation to the boys to get upon the train.

The fact, that the train was moving slowly when the attempt was made to board it, is not evidence of negligence *per se*. It has been held by this court in a number of cases, that "it is not negligence *per se* to get on or off a slowly moving car, whether propelled by horse power or electricity, or cable." (*Cicero and Proviso Street Railway Co.* v. *Meixner,* 160 Ill. 320; *North Chicago Street Railroad Co.* v. *Wiswell,* 168 id. 613; *North Chicago Street Railroad Co.* v. *Williams,* 140 id. 275; *Springfield Railway Co.* v. *Hoeffner,* 175 id. 634; *Chicago Union Traction Co.* v. *Hanthorn,* 211 id. 367). The question, whether the boarding of a street car in motion is or is not negligence, is a question of fact to be submitted to the jury for their determination under the instructions of the court, and the decision of the question will depend upon the facts and circumstances of each case, rather than upon any fixed or absolute rule as to what constitutes negligence.

In *Cicero and Proviso Street Railway Co.* v. *Meixner, supra,* this court, quoting from Booth on Street Railway Law, (sec. 336), said (p. 325): "It is a general rule, established by numerous decisions, that, if a person who has the free use of his faculties and limbs, has given proper notice of his desire to be taken up, and the speed of the car has been slackened in the usual manner, it is not negligence *per se* to attempt to get on while it is moving slowly, and that, if a person is injured under such circumstances, the question of his contributory negligence is ordinarily one of fact for the jury." In the same case it was also said: "It is well known, also, that street car companies tacitly invite

many passengers to board and alight from their cars by checking up to a slow rate of speed, and immediately starting up at a greater speed when the passenger is safely aboard, or has alighted. It would be impossible for a court to lay down the rule as to what particular rate of speed would be sufficient notice to a passenger that, if he attempted to get on or off, he would be held guilty of contributory negligence. It would also be a great hardship and unjust to lay down a general rule that a passenger, attempting to board a street car while in motion at all, should be held in contributory negligence."

In *Cicero and Proviso Street Railway Co.* v. *Meixner, supra,* it appeared that in that case plaintiff attempted to get on a car, which had slackened down to a slow rate of speed, and, as the car went by, caught the hand-rails on each side of the front platform, when the speed of the car was suddenly accelerated, and he lost his hold, and was dragged a considerable distance, and thrown under the wheels of the car. The facts in that case, as thus detailed, are similar to the facts in the present case. It also appeared in that case that the motorman and several passengers on the front platform testified that the speed of the car had not been decreased when the plaintiff attempted to board the same, and that no signal was seen. Similar evidence was given in the case at bar by appellant's servants in control of the train. Such testimony, however, on the part of the gripman and passengers in the *Meixner case* was not allowed to establish the facts that a signal was not given and that the speed of the train was not slackened, as against the evidence to the contrary of the plaintiff and his witnesses. So, in the case at bar, the jury, who saw the witnesses on both sides, had a right to believe, and evidently did believe, the testimony of the plaintiff's witnesses that a signal was given to the car to stop, and that the movement of the car was slackened. In view of the foregoing observations, it cannot be said that there is no evidence in the record, tending to show that the

deceased was not in the exercise of such ordinary care for his own safety as a boy of his age and capacity would be expected to exercise. The court gave, on behalf of the appellee, instructions to the jury to the effect that they might take into consideration whatever the proof might "show as to the age, capacity and discretion of the deceased under all circumstances surrounding him at and just prior to the accident, so far as shown by the proof, and then determine whether from his age, capacity and discretion he acted with the care and caution for his own safety that one of his age, capacity and discretion ordinarily would exercise under similar circumstances to those shown by the proof." The court also gave, in behalf of the appellant, and at its request, an instruction to the effect that the jury "must believe from a preponderance of the evidence in the case that plaintiff's intestate was himself at and just before the alleged injury, in the exercise of ordinary care for one of his age, intelligence, experience and ability to know and understand the danger and care of himself."

In *Cicero and Proviso Street Railway Co.* v. *Meixner, supra,* where, while the plaintiff was trying to board the car its speed was suddenly accelerated so as to throw him off, this court said (p. 326) : "It is the duty of those having control and management of cars designated for traffic on the public streets, to bring such cars to a full stop at such places as are convenient and necessary for the purpose of discharging and receiving passengers."

In *North Chicago Street Railroad Co.* v. *Cook,* 145 Ill. 551, it was held that it was the duty of a street railway company to stop its car a sufficient length of time to enable persons seeking passage to get fully and safely on the same, and that such company would be liable to a party injured by a failure to properly discharge such duty; and it was there further held that it was the duty of the conductor of a street car or train to know, if by the exercise of due care, caution and diligence he can know, whether any person is attempt-

ing to get on or off his train or car before permitting the same to start in such a manner, as will be liable to injure a person so getting on or off the same. If the testimony produced by the plaintiff in this case was true, a signal was given to appellant's servants in charge of this train to stop the car, and the motion of the car was slackened to enable these boys to get upon it, and if, while the deceased boy was trying to board the train, the conductors, or either of them, or the gripman, suddenly accelerated the motion of the car by a kind of jerk, so as to throw the boy off, it cannot be said that there is no evidence tending to show negligence on the part of the servants of the company. Two special interrogatories were submitted to the jury, and answered by them. The first was: "Was the plaintiff's intestate, meaning the deceased boy, just before and at the time of the accident complained of, in the exercise of such care for his own safety as might be reasonably expected from one of his age, intelligence, experience and capacity?" And to this question the jury answered: "Yes." The second was: "Was the defendant guilty of the negligence charged against it in the declaration herein?" And the answer to this question was: "Yes." We are, therefore, of the opinion that the court committed no error in refusing the peremptory instruction, requested by the appellant, to find it not guilty.

*Second*—The only other alleged error complained of by the appellant is, that the court admitted testimony, tending to show that the boy, Anderson, had twenty cents in money in his pocket. Upon this subject the record shows the following in the testimony of the boy, Anderson: "Q. Now, what, if any, money, did you have with you at that time?" (Objected to by defendant; objection overruled; exception by defendant.) "A. Twenty cents. My mother gave me that money. We were going over to the west side to Herbert Lundahl's house at Elizabeth and Austin avenue." The witness, Anderson, was then asked this question: "Q. What did she say to you when she gave it to you?" This question

was objected to by appellant's counsel, and the court sustained the objection, and refused to permit the witness to answer the question.

We think that it was proper to permit the boy, Anderson, to state that he had twenty cents, and that his mother gave it to him. The appellant company put a boy, named Spoor, fourteen years old, upon the witness stand, and sought to show by him that the deceased, and his companion, Anderson, were trying to steal a ride upon the train, and that the conductor was chasing the boys off the train. This testimony is not supported by the other witnesses of the appellant, nor by any of the facts and circumstances in the case. As the conductors and gripman swore that they did not see the boys, it was not possible that they were trying to drive them from the train. But in view of the character of the testimony introduced, which had a tendency to make the jury believe that the boys were trying to steal a ride, the evidence in regard to the possession by the older boy of twenty cents was proper. It tended to show, in connection with the other evidence, that the boys had money enough to pay their fare. The older boy was evidently intending to accompany the younger boy, his cousin, to his home on the west side. Anderson, the older boy, swears that his mother gave him the twenty cents. It is said, on the part of the appellant, that this was not followed up by any evidence to the effect that the money was given to the boy for the purpose of enabling him to pay the fare. Counsel for appellee asked the witness what his mother said to him, when she gave him the money, and the evidence was excluded because of the objection made by counsel for appellant. If the witness had been allowed to answer the question, it may have been proven that the mother told him to use the money, so given to him, for the purpose of paying his fare, and that of his cousin.

In *Chicago and Eastern Illinois Railroad Co.* v. *Huston,* 196 Ill. 480, it was held that, where the principal controversy in an action to recover for the death of a boy, is whether the

deceased was a trespasser on the tracks, or was crossing the tracks to take passage on a train then about due, it was not error to permit the boy's father to testify that he had given the son a nickel to pay his fare home some half an hour before the happening of the accident. (See also *Ohio and Mississippi Railroad Co.* v. *Muhling,* 30 Ill. 9).

Inasmuch as the appellant, by its objection, prevented the introduction of testimony on the part of the appellee for the purpose of showing that the money was given to the boys to pay their fare, appellant is here estopped from assigning as error that evidence was not introduced to show what the money was given to the boys for. "There is no principle of law more familiar than that a party shall not be permitted to assign for error that which he has requested the court to do." "The appellant must be consistent, and, if he asks the court below to make a specific ruling or to proceed in a certain manner, he cannot complain in an Appellate Court that the ruling or action is erroneous. He has invited the error, must accept its results, and the Appellate Court will not reverse a judgment at his instance on account of it." (*Sheridan* v. *City of Chicago,* 175 Ill. 421).

As is said by the Appellate Court in their opinion in this case: "Citations of cases, to the effect that possession of a railroad ticket or pass by a person, who attempts to board a train, does not constitute him a passenger on such train, are manifestly beside the point under discussion here." The issue in this case was not really whether or not the deceased was a passenger, so as to charge appellant with the high degree of care, which common carriers must take in reference to their passengers. It was sufficient in the present case to show that the appellant was not in the exercise of ordinary care; and the case was tried upon the issue whether or not the appellant was in the exercise of ordinary care at the time the accident occurred. In other words, the testimony as to the possession of the money by the older boy was admitted in evidence, not for the purpose of establishing the relation of

carrier and passenger between appellant and the deceased, but for the purpose of negativing appellant's theory that the boys were trying to steal a ride, or, as some of the witnesses express it, to "flip" the càrs.

As we find that the court committed no error in refusing to give the peremptory instruction to find the appellant not guilty, and committed no error in admitting the testimony as to the possession of the money, and as these two points are the only ones insisted upon by the appellant in its argument, we see no good ground for reversing the judgment in this case.

Accordingly, the judgment of the Appellate Court is affirmed.