## Alice Gascoigne, Appellee, v. Metropolitan West Side Elevated Railway Company, Appellant.

### Gen. No. 14,109.

1. VARIANCES—*when deemed waived.* An objection of variance if not specifically made at the time of the introduction of the evidence nor preserved by appropriate instructions is deemed to have been waived.

2. INSTRUCTIONS—*effect of failure to except to.* An instruction which defines the obligations of one of the parties to the cause, if not excepted to, is deemed and taken as the law of the case in that regard.

3. NEGLIGENCE—*when question of, to be determined by jury.* Whether the defendant in an action for personal injuries ought to have foreseen that such an accident as did happen might happen and whether the danger of such an accident could have reasonably been anticipated by the defendant, is ordinarily a question to be determined by the jury.

4. TRIAL—*when argument of counsel not ground for reversal.* A judgment will not be reversed merely because the plaintiff's counsel argued that from facts proven by the evidence, a conclusion followed that was not a proper conclusion from such facts.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed October 6, 1908.

ADDISON L. GARDNER, for appellant; W. W. GURLEY, of counsel.

JOHN F. WATERS and WILLIAM L. MARTIN, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $5,000 recovered in an action on the case for personal injuries. Plaintiff was carried as a passenger on defendant's railway to the Fifth avenue terminal station, where she left the car. To reach the street she had to pass through a turnstile, and in doing so

received the injuries complained of. The declaration contains but one count. The allegations as to the negligence of the defendant, and the manner in which plaintiff was injured, are as follows:

"That the defendant carelessly, negligently and wrongfully constructed a dangerous and unsafe means of exit for its passengers by and through a certain unsafe and dangerous iron turnstile, through which unsafe and dangerous iron turnstile said plaintiff was directed and it became and was necessary for her to pass in order to reach said Franklin street.

"That said defendant so negligently and carelessly and wrongfully and unsafely constructed and placed said unsafe and dangerous iron turnstile, that the plaintiff, while in the exercise of due care and precaution, in passing through said iron turnstile, unavoidably was caught by her left foot between one of the horizontal projecting rounds of said turnstile and another stationary round which projected to and beyond the end of said iron round and toward the center of said turnstile, and the left foot of said plaintiff was then caught, as aforesaid, with such force and violence that the plaintiff was thereby then thrown with great force and violence and was struck with great force by other projecting horizontal rounds of said iron turnstile."

The turnstile in question consists of a hollow iron post six inches in diameter and seven feet high, from which four sets of arms project, two sets at right angles with the other two sets. The arms are made of two-inch iron pipe, and are about two feet ten inches long. At the bottom of the post is a circular iron plate of the same diameter as the post, with twelve grooves in it at equal distances from each other. As the post turns, a dog is intended to fall into each groove, thereby preventing the post from turning in the opposite direction. A spring acts on the dog to press it down into the grooves as the post revolves. From a stationary post similar arms project towards

said revolving post, so placed that the revolving arms pass between them. These stationary arms are to prevent a person passing through except in the direction the turnstile is intended to turn. The lower arm of the turnstile passes under the lower stationary arm and is at least eight and a half inches above the floor.

While plaintiff was passing through the turnstile with her left side towards the revolving post, her left foot was caught in the turnstile. No one noticed her until after she was injured, and as to the way in which her foot was caught her testimony is the only evidence in the record. She testifies that she pushed against the arm in front of her and set the turnstile in motion; that "it got away" from her and the arms behind her struck against her; that her left foot was caught, and that in trying to pull her foot loose she fell against the outer end of an arm of the set of arms in front of her; that the back of her left heel was skinned and the back of the heel of her left shoe rubbed. The testimony of the plaintiff tends to show that her left foot was caught between the lower arm of the set of revolving arms behind her and the floor, and does not tend to prove the allegation of the declaration, that as plaintiff was passing through said turnstile she was, "caught by her left foot between one of the horizontal projecting rounds of said turnstile and the stationary round which projected to and beyond the end of said iron round and toward the center of said turnstile." The variance, however, is not between the averments of negligence in the declaration and the proofs, but between the proofs and the averments of the declaration in respect to the causal connection between the negligence averred and the plaintiff's damages. The objection was not taken to the evidence and the variance specifically pointed out, nor by appropriate instruction to the jury, and the objection for variance must be held waived. C. & A. R. R. v. Byrum, 48 Ill. App. 41; 2 Ill. Law Review, 81.

The trial court instructed the jury that the duty which the defendant owed to the plaintiff was to use reasonable care in the construction and maintenance of said turnstile, and that if they believe that the defendant had used reasonable care in respect thereto, then they should find the defendant not guilty. To this instruction the plaintiff took no exception and the law of this case therefore is that the defendant owed to the plaintiff the duty to use reasonable care to provide and maintain a reasonably safe turnstile.

The declaration does not aver that the turnstile was out of repair, but that "the defendant negligently constructed a dangerous turnstile." Whether the turnstile could or could not be reversed is immaterial. The plaintiff was passing through in the proper direction. The failure of the spring to act on the dog, if it was out of repair and did not act, could have had no appreciable effect on the operation of the turnstile in the proper direction.

The question on which plaintiff's right to recover depends is, whether the turnstile as constructed was reasonably safe? An employe of the company which made the turnstile testified that it was constructed in the usual and ordinary method of constructing turnstiles of that kind and for that use; that his company had constructed other turnstiles of that kind for the Illinois Central Railroad Company and the Sheffield Foundry Company. There is no evidence that any other person was ever injured in passing through this turnstile or any other similar turnstile. The lower arm of the turnstile was at least eight and a half inches above the floor. If it came against a person passing through, it would strike such person some distance above the ankle. From such striking alone, from a turnstile set in motion by such person, no danger of injury was reasonably to be apprehended, and none was sustained by the plaintiff. She was injured not by the striking of the arm against her leg, but because her foot was caught between the arm and

the floor, and in trying to extricate her foot she fell against the end of the arm in front of her, and was also struck by the arm behind her. It was possible for the defendant to have so constructed the turnstile that such an accident could not happen. The lower arm might have been placed so far above the floor, or so near to the floor, that the foot of a person passing through could not be caught and held between such arm and the floor.

The defendant, for its own convenience, and in the furtherance of its own interest, set up the turnstile at a place where, in a few hours each morning and evening, several hundred persons who had been carried on defendant's trains must pass through the stile in passing from the trains to the street. If the defendant ought to have foreseen that such an accident might happen if such a turnstile was set up and maintained; if the danger of such an accident in the use of such a turnstile could have reasonably been anticipated, then defendant was negligent in setting up and maintaining such a turnstile. The fact that the accident happened in the manner in which it did happen does not prove that the defendant was negligent in respect to the construction of the turnstile. But the fact that plaintiff's foot was caught and held between the lower arm and the floor, and that she was thereby thrown down and injured, shows that such an accident might happen. Whether the defendant ought to have foreseen that such an accident might happen; whether the danger of such an accident could have reasonably been anticipated by the defendant was, we think, a question for the jury. We cannot say that their conclusion, implied by their verdict, that from the construction of the turnstile the defendant ought to have foreseen that such an accident might happen, that the danger of such an accident could reasonably have been anticipated, was not a conclusion the jury might properly reach from the evidence.

Appellant further contends that the damages

awarded plaintiff by the jury are excessive. That the plaintiff had a hernia in the left groin at the time of the trial is not disputed. The evidence shows that this hernia first appeared a few days after the accident. Whether it was caused by the injury she then sustained was a question for the jury. The evidence also shows that the bones and ligaments of plaintiff's foot were injured and that she had not recovered from such injuries at the time of the trial. We do not think that the judgment should be reversed on the ground that the damages are excessive.

Plaintiff's counsel, in his closing argument, insisted that the fact that the turnstile could be reversed showed that it was out of order, and that if it was out of order the plaintiff was entitled to recover, and the defendant excepted. As has been said, the question whether the turnstile could be reversed was immaterial under the averments of the declaration and the evidence. But we do not think that because plaintiff's counsel argued that from facts proven by the evidence, a conclusion followed that was not a proper conclusion from such facts, the judgment should be reversed.

The record is, in our opinion, free from reversible error, and the judgment will be affirmed.

*Affirmed.*