Robert C. Finley, Appellee, v. Chicago, Aurora and Elgin Railway Company, Appellant.

Gen. No. 46,292.

Opinion filed November 3, 1954. Released for publication December 9, 1954.

FRIEDMAN, ZOLINE & ROSENFIELD, of Chicago, for appellant; JOSEPH T. ZOLINE, and JACK H. OPPENHEIM, both of Chicago, of counsel.

JOSEPH BARBERA, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendant appeals from an adverse judgment in favor of plaintiff in an action for personal injuries.

The only question presented upon this appeal is: Should the trial court have directed a verdict for the defendant at the close of all the evidence or entered judgment *non obstante veredicto* on the ground that, as a matter of law, (1) the relation of carrier and passenger between plaintiff and defendant did not exist; and (2) that plaintiff was guilty of contributory negligence?

■ Upon this question we must consider only the evidence most favorable to plaintiff and every favorable, reasonable inference deducible therefrom. We have no right to weigh the evidence. *Berg v. New York Cent. R. Co.*, 391 Ill. 52; *Thomas v. Douglas,* 1 Ill.App. 2d 261; *George v. E. I. du Pont de Nemours & Co.*, 348 Ill. App. 495.

Plaintiff was standing on the platform of the Spring Road railway station of the defendant, where he intended to board defendant's westbound electric train. The westbound train, involved in the accident, had been switched into a siding east of the railway platform to allow the passing of another train, which did not stop at the station in question. Upon clearance of the track, the train on the siding moved on to the main track alongside the platform where plaintiff was waiting. Plaintiff was holding some packages in one arm. He testified that as the train reached the platform the trainman gave the signal; "I was sure it was to me. . . . I recall a friendly signal to get on, and I did so. . . . I got on the lower step of the rear entrance of the second coach. . . . I just took the right grab iron with my right hand and stepped on the lower step. . . . The train travelled about five feet . . . before anything happened. Then there was a sudden violent acceleration and I was thrown off the step. . . . The entrance door was open. The platform was also open. . . . The train either stopped or so nearly

stopped that it made no difference. . . . So far as I can recall, the train might have come to a full stop when I got on."

■ It is true some contradictions appear in the plaintiff's testimony, but we cannot consider them upon this question. We think the evidence sufficiently establishes the relationship of passenger and carrier. *Illinois Cent. R. Co. v. O'Keefe,* 168 Ill. 115; *Klinck v. Chicago City Ry. Co.,* 262 Ill. 280, where it was held that one standing at a place where the railroad was accustomed to receive and discharge passengers, for the purpose of boarding the car, and the speed of the car is reduced as it approached the place, apparently for the purpose of receiving and discharging the passengers, the relation of passenger and carrier exists when he attempted to board the car. To the same effect are *North Chicago St. R. Co. v. Williams,* 140 Ill. 275; *Chicago Union Traction Co. v. Lundahl,* 215 Ill. 289.

■ Even if the evidence established that plaintiff tried to board the train while it was moving, as claimed by defendant, that alone does not warrant the court in holding, as a matter of law, that plaintiff is guilty of contributory negligence. It properly was a question of fact for the jury to determine, taking into consideration all the circumstances at the time of the occurrence, the slight motion at which the train was traveling, and the fact, if true, that the crewman gave plaintiff the signal to board the train. *North Chicago St. R. Co. v. Kaspers,* 186 Ill. 246; *South Chicago City Ry. Co. v. Dufresne,* 200 Ill. 456; *Chicago & Alton R. Co. v. Bonifield,* 104 Ill. 223.

We think the judgment of the superior court was correct, and it is affirmed.

*Affirmed.*

KILEY, P. J. and LEWE, J., concur.