## Consolidated Coal Co. of St. Louis v. Edward Lundak.

1. MASTER AND SERVANT—*Exemption from Liability by Contract.*—A master can not, by contract with a servant, in consideration of the employment, exempt himself from liability to the servant for injuries sustained through his negligence.

2. MINES AND MINING—*Risks of the Employment—When Not Assumed by the Employe—Rules of the Proprietor—Notice.*—The mere making of a rule by the proprietor of a coal mine providing that "every person accepting employment in the mine does so with full notice that the danger from falling roof and coal is one of the usual risks of his service, and he will govern himself accordingly," and posting the same in the mine with a notice that "all employes must read and understand the rule, which is required by law and made to secure their safety, and which every employe by remaining in the service of the company agrees to abide by and obey as a contract between him and the company," will not constitute a contract between the company and its employes to

assume the danger of falls from the roof of the mine as one of the usual and ordinary risks and hazards of his employment.

3. INSTRUCTIONS—*In Actions for Personal Injuries—Approved Form.* —In an action against a coal mining company for personal injuries received in the mine, an instruction for the plaintiff " that it was the duty of the defendant to have used ordinary care and prudence in furnishing to the plaintiff at the time of the accident complained of, a reasonably safe place in which to work, and to have used reasonable precaution to keep such place in a reasonably safe condition, and if the jury believe from the evidence that the defendant neglected to perform its duty in this respect, and that the plaintiff while in the exercise of due care and caution for his own safety was injured as a result of such negligence, then the jury should find the defendant guilty," is properly given.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

CHARLES W. THOMAS, attorney for appellant.

BURTON & WHEELER, attorneys for appellee; NEUSTADT & HADLEY, of counsel.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Madison County, by appellee against appellant, to recover for a personal injury. Trial by jury. Verdict and judgment in favor of appellee for $3,000.

The declaration consists of six counts. The court took the third count from the jury. The first, second, fourth and fifth counts, set up and charge in various forms, in substance, that appellant was operating a coal mine; that appellee was employed therein as driver, hauling coal cars to and from the bottom of the shaft, and to and from points in the mine where coal was being mined; that it was the duty of appellant to exercise due care to provide a reasonably safe place in which appellee might perform his duties as such driver; that appellant negligently failed to properly prop and secure the roof of the entry or roadway along which appellee was required to drive, and that by reason thereof, while appellee was in the discharge of his duty as

such employe and in the exercise of due care and caution for his own safety, a portion of the roof fell upon him and seriously injured him. The sixth count as amended sets up and charges that appellant was operating a coal mine, and that appellee was employed as a driver therein for the purpose of driving mules hitched to empty and loaded cars, to and from various parts of the mine, the said cars running along and over various tracks and rails, which said tracks were laid from the bottom of the shaft through the various entries, rooms and places where the coal was mined, and loaded into the said cars; that appellee's duties were those of a driver; that appellant undertook and assumed the duty of properly laying the said tracks and rails, and to exercise due care in that respect, and to so lay said track and rails that appellee could perform his duties as a driver with reasonable safety; that appellant employed certain men to lay and construct the said tracks and rails in said mine, and delegated to them the authority and duty to properly and carefully lay said rails and tracks; but appellant failed and neglected its duty in that behalf, and the men to whom said authority and duty were delegated, negligently and improperly laid said tracks and rails, so that the rails of said track were not properly joined, over which the plaintiff was required to drive mules with cars, as aforesaid, by means of which, appellee, while in the exercise of due care for his own safety, while attempting to drive a mule and haul cars loaded with coal over and along said track, was injured by the improper and negligent construction of said track.

To this declaration appellant filed a large number of pleas, but, as we understand them, they all together amount to no more than the general issue, except the third plea, which is, in substance:

" 3. That prior to the time of the supposed injury it was agreed, between the plaintiff and defendant, that the plaintiff would assume the danger of falls from the roof of defendant's mine as one of the usual and ordinary risks and hazards of his employment; and at the time of the said supposed injury the agreement was in full force; concluding with the verification."

The testimony tends to show that on the day before the injury occurred the attention of appellant's timberman, whose duty it was to look after the timbering of the roadways, was called to a dangerous place in the roof at the point where appellee was subsequently injured, but he did not prop it or do anything to secure it. That a miner, in the absence of the timberman, did put a "cross-bar" and props under the dangerous place to support it, and in doing so placed the props within one foot of the track—too close for safety; that the timberman did not return to the place after the miner had propped it, but on the following day went to St. Louis, and no timberman was on duty that day. The testimony also tends to show that the track had been permanently laid to within about fourteen feet of the face of the coal, and that on the day of the injury the men working at the face had taken loose rails, as was their custom to do under such circumstances, and turned them on their sides, and therewith made a temporary extension of the track so they could bring the cars up near the face of the coal for convenience in loading; that there were no ties under the rails of the temporary extension, and as the cars passed over them they sank down so that where they joined up to the permanent track they were one inch and a half below the rails of the permanent track, thus making a bad joint; that from this junction backward toward the face of the coal it was down grade; that as appellee was making his third trip over this part of the track, the wheels of the loaded car struck the solid rails, at the junction, the mule stalled or refused to pull, and the car began to run backward; appellee thereupon took hold of the car and tried to help the mule hold it, but the car had such a "start" that they could not stop it, and in the effort the props were knocked or fell out, and from two to six tons of the roof fell upon appellee and seriously and permanently injured him. The inference is strong that the falling was the result of the condition of the track at that place, and of the too close proximity of the props to the track. There is no evidence tending to show, in fact it is not claimed that appellee was negligent, or in any respect blamable.

Appellant put in evidence a copy of its rules which had been and were posted on the " pit top " and the engine house. The rules and the accompanying notice, which was also put in evidence with the rules, are as follows :

" All employes must read and understand and obey these rules, which are required by law and made to secure their safety, and which every employe by remaining in the service of the company agrees to abide by and obey as a contract between him and the company.

RULES OF THE CONSOLIDATED COAL COMPANY OF ST. LOUIS.

1. Every person employed in or about this mine must understand he is engaged in a dangerous business, and that constant care must be taken to avoid injury.

4. Every person accepting employment in this mine does so with full notice that the danger from falling roof and coal is one of the usual risks of his service, and he will govern himself accordingly.

5. When the mine manager, or one acting as such, directs any employe to go into or work in any part of the mine he does not assume that the place to which the employe is ordered is not dangerous. Every place in this mine is more or less dangerous, and the duty of ascertaining the danger, and of avoiding it, is upon the employe, and he agrees to assume that duty as part of his contract or service.

6. No one working in this mine is authorized to incur any risk by relying upon the timberman. This company does not, by employing timbermen, agree to secure the roof of the mine, except as provided in rule 11.

11. The timbermen shall have no duty except to re-timber places in the mine which have once been properly timbered and secured, and in no case shall he assume the duty of securing the roof, except as herein provided, unless expressly directed to do so by the mine manager."

Appellant's counsel contends that the adoption and posting of these rules, and the continuation of appellee in its service, amounts to an agreement between appellee and appellant, that appellee would assume the danger of falls from the roof of appellant's mine as one of the usual and ordinary risks and hazards of his employment, and that this evidence establishes appellant's third plea and bars appellee's right of action.

We do not agree with counsel that the mere posting of the notice and rules, and the continuation of appellee in appellant's service, constituted a contract, as pleaded, but if we assume that it did, such contract would be void.

" A master can not, by contract with a servant, in consideration of the employment, exempt himself from liability to the servant for injuries sustained through the master's negligence. Such a contract is void as against public policy." American and English Encyclopedia of Law, Vol. 14, page 910; Railway Company v. Spangler, 44 Ohio State Reports, 471; Roesner v. Hermann, 10 Bissell's Reports, 486.

The question as to whether the injury to appellee resulted from one of the usual and ordinary risks and hazards of his employment was directly submitted to the jury in a special interrogatory; the jury answered that it was not, and we are of opinion that the evidence warrants this answer.

Complaint is made of the second instruction given on behalf of appellee. It is as follows:

" The court instructs the jury that it was the duty of the defendant in this case to have used ordinary care and prudence in furnishing to the plaintiff, Lundak, at the time of the accident complained of, a reasonably safe place in which to work, and to have used reasonable precaution to keep such place in a reasonably safe condition; and if the jury believe from the evidence that the defendant neglected to perform its duty in this respect, and that the plaintiff, Lundak, while in the exercise of due care and caution for his own safety, was injured as a result of such negligence, then the jury should find the defendant guilty."

It is not claimed that this instruction does not properly and correctly state a true rule of law, but it is contended that there is no evidence in the record to support it. The evidence clearly tends to show that the roof of the driveway at the place where appellee was injured, was in a dangerous condition, and that appellee, through its timberman, saw it on the day before the injury and knew it was dangerous, and had ample time to make it safe, but did not do so; that on the day of the injury he was in St. Louis, and that there was no one at the mine to take his place. The evidence clearly shows that the roadway in which appellee

was required to perform his duties at the place where he was injured, was not reasonably safe, and that appellant had not exercised reasonable diligence to make it reasonably safe.

We find no substantial error in this record. The judgment of the Circuit Court is affirmed.