# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—AUGUST TERM, 1902.

## Frederick Gruenendahl, by His Next Friend, v. Consolidated Coal Co. of St. Louis.

1. PRACTICE—*When the Case Should be Submitted to the Jury.*— Where there is evidence tending to prove all that is required to warrant a recovery, the court should submit the case to the jury, without regard to what the presiding judge may, at the time, think the court would hold as to the weight of the evidence in case of a motion for a new trial.

2. INSTRUCTIONS—*Employing Indefinite Terms Not to be Commended.* —An instruction employing such indefinite terms as "some witnesses," is not to be commended.

3. SAME—*That it is Necessary to Prove Negligence Charged in Each Count, Erroneous.*—An instruction telling the jury that it is necessary for the plaintiff to prove the negligence charged in more than one count is erroneous.

4. SAME—*As to What Does Not Constitute Negligence, Erroneous.* —An instruction which attempts to tell the jury what does not constitute negligence is erroneous as invading the province of the jury.

5. SAME—*Erroneous Statement of Degree of Care Required of Servants in Examining Places Where They Work.*—An instruction that if in passing a prop in a coal mine the plaintiff "could have discovered how close it was, and could have learned whether the same was reasonably safe," etc., is an erroneous statement of the degree of care required of servants in examining places where they work, as it omits the qualifying words "if he could, etc., by exercising reasonable or ordinary care."

6. FELLOW-SERVANTS—*As to What Constitutes, Generally a Question for the Jury.*—It is generally a question of fact for the jury to decide upon the evidence, and under the instructions of the court, as to what constitutes fellow-servants. But when the undisputed evidence shows that they are fellow-servants, it is not error for the court to so hold as a matter of law.

(644)

Gruenendahl v. Consolidated Coal Co. of St. Louis.

Trespass on the Case, for personal injuries.   Error to the Circuit Court of Madison County; the Hon. Martin W. Schaefer, Judge presiding.   Heard in this court at the August term, 1902.   Reversed and remanded.   Opinion filed March 2, 1903.

Suit for personal injuries.   Verdict and judgment for defendant.

Plaintiff in error, seventeen years old, drove a mule drawing coal cars in defendant in error's mine.   In passing, or while near a prop, his leg was in some way injured, making amputation necessary.   He had worked in the mine for parts of two days, before the day of the accident, but had worked in similar mines for a year or more.

There are seven counts in the declaration, but as the court directed the jury to disregard the second, third, fourth and sixth, it is only necessary in deciding the case, to refer to the first, fifth and seventh, which, after the usual averments of due care, etc., charges negligence in substance as follows:

1st count.   That plaintiff was injured by the track and a prop being in an unsafe condition and too close together, by means whereof plaintiff's leg was caught between the prop and car.

5th count.   That plaintiff employed timber-men to set props along the track and each side thereof, and that it was the duty of such men to set the props along the track far enough from the track to prevent cars from striking against the same; that the props were set too close to the track, whereby the injury resulted, etc.

7th count.   That it was defendant's duty to furnish a reasonably safe place for plaintiff to work, but failed so to do, and furnished an unsafe place on account of large quantities of coal, compressed air pipes, slate rock and other rubbish being along the track, by means whereof plaintiff's foot was caught and crushed between a car and prop and plaintiff damaged, etc.

Defendant pleaded not guilty.

R. E. Dorsey and Burton & Wheeler, attorneys for plaintiff in error.

646    APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Gruenendahl v. Consolidated Coal Co. of St. Louis.

WISE & McNULTY, attorneys for defendant in error; R. A. HOLLAND, JR., of counsel.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

As this judgment must be reversed and the case remanded for error in giving instructions for defendant in error, it would not be proper to comment in detail upon the evidence.

It suffices to say, that in our judgment there is no error in refusing to instruct the jury to find for defendant.

As to when a peremptory instruction, taking a case from the jury, should be given, is fully discussed in St. Louis National Stock Yards v. Godfrey, 101 Ill. App. 40, citing and comparing the decisions of the Supreme Court upon the question.   In this case it is said :

" The rule now is, that where there is evidence tending to prove all that is required to warrant a recovery, the court should submit the case to the jury, without regard to what the presiding judge may, at the time, think the court would hold as to the weight of the evidence in case of a motion for a new trial."

Applying this rule to the case at bar, we think it would have been error to take the case from the jury.

The twenty-sixth instruction for the defendant is as follows :

" The court instructs you that when the plaintiff avers that the defendant was guilty of negligence, it is not sufficient that he bring some witnesses to prove that it was guilty of negligence; but after you have considered all the evidence, the proof in this case must show by the greater weight of that evidence that the plaintiff has proved that the defendant was guilty of the negligence charged in the first, fifth and seventh counts of the declaration, and he must also prove by the greater weight of the evidence that he himself was using ordinary care for his own safety at the time he was injured."

The first part of this instruction, namely, " It is not sufficient if he bring some witnesses to prove it was guilty of negligence," etc., is open to criticism.   "Some" is an

indefinite term, and might refer to the number of witnesses, or to their character, or to their interest in the suit. In other words, it might be understood to characterize a class of witnesses, and so understood, the instruction would be error. While we do not hold this part of the instruction to constitute reversible error in this case, its form is not to be approved.

The latter part of the instruction contains material error. It was not necessary for plaintiff to prove the negligence charged in each of the three counts named, in order to recover. The instruction tells the jury in substance that it was necessary. It was sufficient if the plaintiff proved the negligence charged in any one of the three counts. One good count in a declaration, if sustained by the evidence, is sufficient to support a verdict. Hurd's Stat., Chap. 110, Sec. 58; Shreffler v. Nadelhoffer, 133 Ill. 536; I. C. R. R. Co. v. Cozby, 174 Ill. 109.

The twentieth instruction given for defendant in error is as follows:

" The court instructs the jury that if you believe from the evidence the compressed air pipe, slate rock and other rubbish, mentioned in the seventh count of the declaration, were placed by the defendant in a place that was in use generally in mines of similar character in the vicinity of this mine, that they were of the character generally found and placed in such mines, and the said compressed air pipe was the pipe in general use in such mines, both as to its character, size and location, then the defendant was not guilty of any negligence in placing said pipe where it was or in placing the said rock, slate and other rubbish, and you will find for the defendant as to said count."

The twenty-fifth and twenty-eighth instructions are similar in substance.

These instructions invaded the province of the jury, and in addition do not state correct propositions of law. It does not follow necessarily, that defendant was not negligent, although the compressed air pipe, slate rock and other rubbish were placed in defendant's mine in a place that was in general use in similar mines in the vicinity, as stated in the twentieth instruction; or that the location of the props

648 APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Gruenendahl v. Consolidated Coal Co. of St. Louis.

and the construction of the tracks were similarly placed in other mines, as referred to in the twenty-sixth and twenty-eighth instructions.

It was for the jury to decide upon the evidence in this particular case, considering all of these conditions, whether or not the defendant was negligent. The case of the C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 335, cited by defendant in error in support of these instructions, is not in point. On the contrary, in that case it is said, " The manner of constructing a railroad is an engineering question;" and as such in the case referred to, the court holds that it is not for the jury. But in the case at bar, the nearness of the prop, the location of the air pipe, the throwing of " gob" and other material were involved, and these are not questions of engineering. In the Driscoll case, *supra*, the court say, " the only question proper to submit to a jury in such cases is, whether the premises as they existed at the time of the injury were reasonably safe." In the case at bar, this was a question for the jury to answer, but the instructions given told the jury how to answer it, if the same conditions existed generally in similar mines in the vicinity.

It is error to instruct a jury what acts or omissions do, or do not, constitute negligence. C. & A. R. R. Co. v. Kelly, 182 Ill. 268; Pennsylvania Co. v. McCaffrey, 173 Ill. 169; C. & A. R. R. Co. v. Anderson, 166 Ill. 572.

The instructions referred to tell the jury that if the conditions mentioned in them are usual and customary in other mines in the vicinity, they do not constitute negligence.

The thirty-second instruction is to the effect that if in passing the prop the plaintiff " could have discovered how close it was, and could have learned whether the same was reasonably safe, and if he failed to exercise such care as to ascertain how close the prop was to the car, and whether the same was reasonably safe, and was injured because he failed to exercise such care, then he can not recover."

This instruction omits the qualifying words " if he could, etc., *by exercising reasonable or ordinary care.*" Plaintiff in error was driving a mule—a "bad" mule, or " balky " mule,

as stated by some witnesses—over 500 feet of track, in a dark mine, with a miner's lamp only to light him, hauling loaded or empty coal cars. He had been at work there a part of three days only. He *could*, doubtless, by close inspection, have seen all the surrounding conditions. But the word "*could*" unqualified, includes whatever might possibly have been done. This is not the degree of care required of servants in examining places where they work. When they use reasonable care in such examinations, they have done all that is required of them. The degree of care required is correctly stated in Bailey's Master's Liability to Servants, p. 160, as follows: "He must use reasonable care in examining his surroundings, to observe and take such knowledge of dangers as can be attained by observation."

The thirty-fourth instruction told the jury that "The plaintiff and those who loaded coal in the cars were fellow-servants."

It is generally a question of fact for the jury to decide upon the evidence and under the instructions of the court as to what constitutes fellow-servants. But when the undisputed evidence shows that they are fellow-servants, it is not error for the court to so hold as a matter of law. C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 335.

The undisputed evidence in this case shows that plaintiff in error and those who loaded his cars, were fellow-servants. For this reason, the instruction as given is not error.

The case of the Consolidated Coal Co. v. Lundak, 97 Ill. App. 109, affirmed in 196 Ill. 594, has stated the law with reference to rules of a mining company, that are contrary to public policy, and that do not, therefore, operate as a contract against negligence on the part of the mine operator. These cases will be sufficient guides in any subsequent trial of the present case, and as this judgment must be reversed for reasons before mentioned, it is not necessary to discuss the questions presented growing out of the rules of the defendant in error admitted in evidence, and the instructions given referring to them.

Judgment reversed and case remanded.